UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN DIVISION

| | |
|---|---|
| MATTHEW RICO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., STEPHEN S. BURNS, RICH SCHMIDT, and JULIO RODRIGUEZ,<br><br>Defendants. | Case No. 4:21-cv-00616-PAG<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ESKANDAR TEHRANI AND DARI TEHRANI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| RAYMOND ROMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORPORATION, STEPHEN S. BURNS, DAVID T. HAMAMOTO, MARK A. WALSH, ANDREW C. RICHARDSON, STEVEN R. HASH, and JUDITH A. HANNAWAY,<br><br>Defendants. | Case No. 4:21-cv-00994-JRA |

[caption continues on following page]

FNY MANAGED ACCOUNTS LLC,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

    v.

LORDSTOWN MOTORS CORP.,
STEPHEN S. BURNS, RICH SCHMIDT,
JULIO RODRIGUEZ, SHANE BROWN,
and DARREN POST,

        Defendants.

Case No. 4:21-cv-01021-PAG

Eskandar Tehrani and Dari Tehrani (the "Tehrani Brothers") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing the Tehrani Brothers as Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(B); (3) approving the Tehrani Brothers' selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Kooperman Mentel Ferguson Yaross, Ltd. ("KMFY Law") as Liaison Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that: (1) purchased or acquired Lordstown Motors Corp. ("Lordstown") f/k/a DiamondPeak Holdings Corp. ("DiamondPeak," and together with Lordstown, the "Company") securities between August 3, 2020 and March 24, 2021, inclusive (the "Class Period"); and/or (2) purchased and held DiamondPeak common stock as of September 21, 2020 and had the right to vote on the merger between DiamondPeak and Lordstown pursuant to the Proxy Statement dated October 8, 2020.

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

The Tehrani Brothers believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action.  In addition, for purposes of this motion,

the Tehrani Brothers satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Tehrani Brothers respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the Tehrani Brothers' selection of GPM as Lead Counsel and KMFY Law as liaison counsel for the Class should be approved because the firms has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Lordstown is an automotive company that develops and manufactures light duty electric vehicle ("EV") trucks targeted for sale to fleet customers. Its purported flagship vehicle is called "Endurance," an electric full-size pickup truck.

DiamondPeak was a special purpose acquisition company formed for the express purpose of effecting a merger, stock exchange, acquisition, reorganization, or similar business combination with one or more businesses.

On August 3, 2020, Lordstown and DiamondPeak announced that they had entered into a definitive merger agreement and upon the closing of the merger, the combined company would remain listed on the NASDAQ exchange. The merger closed on October 23, 2020.

On February 12, 2021, Morgan Stanley initiated coverage on Lordstown and publicly questioned the Company's ability to develop and scale up production of the hub motor technology.

---

[1] This section is adapted from the complaints in the above-captioned actions.

Specifically, the report remarked that "following a series of channel checks on the propulsion tech, we believe investors would be exposed to significantly elevated execution risk."

On this news, the Company's stock fell $3.84, or 13.34%, to close at $26.91 per share.

On March 12, 2021, before the market opened, Hindenburg Research published a report entitled "The Lordstown Motors Mirage: Fake Orders, Undisclosed Production Hurdles, and a Prototype Inferno." The report alleged, among other things, that Lordstown had "no revenue and no sellable product" and that the Company "has mislead investors on both its demand and production capabilities." More specifically, the report alleged that Lordstown's 100,000 pre-orders for its proposed EV truck "are largely fictitious" and a former employee had "explained how the company is experiencing delays and making 'drastic' design modifications, putting [Lordstown] an estimated 3-4 years away from production."

On this news, the Company's common stock fell $2.93, or 16.5% to close at $14.78 per share on March 12, 2021.

On March 17, 2021, after the market closed, the Company disclosed that the SEC had launched an investigation into Lordstown regarding the matters raised by the Hindenburg Report.

On this news, the Company's common stock fell $2.08, or nearly 14%, to close at $13.01 per share on March 18, 2021.

On March 24, 2021, Hindenburg Research published additional pictures of the Endurance truck after it broke down and had to be towed during filming of a commercial.

On this news, the Company's stock price fell $1.21 to close at $11.38 per share on March 24, 2021.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business,

operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's purported pre-orders were non-binding; (2) that many of the would-be customers who made these purported pre-orders lacked the means to make such purchases and/or would not have credible demand for Lordstown's Endurance; (3) that the first test run of the Endurance led to the vehicle bursting into flames within 10 minutes; (4) that the Company faced undisclosed production obstacles that would continue to delay production and delivery of the Endurance; (5) that Lordstown is not and has not been "on track" to commence production of the Endurance in September 2021; (6) that Lordstown's Chief Executive Officer, Stephen S. Burns, had been thrown out of Workhorse Group for misconduct and failed management; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III. PROCEDURAL HISTORY

On March 18, 2021, plaintiff Matthew Rico commenced a securities class action against Lordstown and certain of its officers, captioned *Rico v. Lordstown Motors Corp., et al.*, Case No. 4:21-cv-616 (the "*Rico* Action"). It is brought on behalf of investors who purchased or otherwise acquired Lordstown securities between August 3, 2020 and March 17, 2021, inclusive.

On March 19, 2021, plaintiff Robert Palumbo commenced a substantially similar lawsuit against Lordstown and certain of its officers, captioned *Palumbo v. Lordstown Motors Corp., et al.*, Case No. 4:21-cv-633 (the "*Palumbo* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired Lordstown common stock between October 26, 2020 and March 17, 2021, inclusive.

On April 2, 2021, Plaintiff Sulayman Zuod commenced a substantially similar lawsuit against Lordstown and certain of its officers, captioned *Zuod v. Lordstown Motors Corp., et al.*,

Case No. 4:21-cv-720 (the "*Zuod* Action"). It is brought on behalf of all purchasers of Class A common stock and warrants to purchase the Class A common stock of Lordstown and/or DiamondPeak between August 3, 2020 and March 24, 2021, inclusive, and all holders of DiamondPeak common stock entitled to participate in the August 22, 2020 shareholder vote on the merger with Lordstown.

On April 8, 2021, Plaintiff Jesse Brury commenced a substantially similar lawsuit against Lordstown and certain of its officers, captioned *Brury v. Lordstown Motors Corp., et al.*, Case No. 4:21-cv-760 (the "*Brury* Action"). It is brought on behalf of all investors who purchased or otherwise acquired Lordstown securities between August 3, 2020 and March 17, 2021, inclusive.

On April 13, 2021, the Court consolidated the *Rico*, *Palumbo*, *Zuod*, and *Brury* Actions and ordered that all filings be made solely in the first-filed case (the "Consolidated Lordstown Action"). *See* Dkt. No. 9.

On May 13, 2021, Plaintiff Raymond Romano commenced a substantially similar lawsuit against Lordstown, its CEO, and certain of DiamondPeak's directors, captioned *Romano v. Lordstown Motors Corp., et al.*, Case No. 4:21-cv-00994 (the "*Romano* Action"). It is brought on behalf of persons and entities that (1) purchased DiamondPeak or Lordstown common stock between August 3, 2020 and March 24, 2021, inclusive; and/or (2) purchased and held DiamondPeak common stock as of September 21, 2020 and had the right to vote on the merger between DiamondPeak and Lordstown pursuant to the Proxy Statement dated October 8, 2020.

On May 14, 2021, Plaintiff FNY Managed Accounts LLC commenced a substantially similar lawsuit against Lordstown and certain of its officers, captioned *FNY Managed Accounts LLC v. Lordstown Motors Corp., et al.*, Case No. 4:21-cv-01021 (the "*FNY* Action," and together with the *Romano* Action, the "Related Actions").

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated With The Consolidated Lordstown Action

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a).

Each of the Related Actions presents substantially the same factual and legal issues raised by the Consolidated Lordstown Action, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. The *Romano* Action also alleges violations of Section 14(a) of the Exchange Act, which are based on the same underlying facts as the claims common to the member cases of the Consolidated Lordstown Action. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See French v. CBL & Assocs. Props., Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016) (finding that "consolidation is particularly appropriate in securities class action litigation").

### B.    The Tehrani Brothers Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a

"rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the Tehrani Brothers satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff.  The Tehrani Brothers have, to the best of their knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23.  In addition, the Tehrani Brothers are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class.  Accordingly, the Tehrani Brothers respectfully submit that they should be appointed lead plaintiff.  *See Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1031 (S.D. Ohio 2005); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. The Tehrani Brothers Filed a Timely Motion

The Tehrani Brothers have made a timely motion in response to a PSLRA early notice. On March 18, 2021, pursuant to Section 21(D)(a)(3)(A)(I) of the PSLRA, notice of the pendency of this case was published on *Globe Newswire*, announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Katherine Connor Ferguson ("Ferguson Decl."), Exhibit ("Ex.") A. Therefore, the Tehrani Brothers had sixty days (i.e., until May 17, 2021) to file a motion to be appointed as Lead Plaintiff. As purchasers of Lordstown securities during the Class Period, the Tehrani Brothers are members of the proposed class and have timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certifications, the Tehrani Brothers attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. *See* Ferguson Decl., Ex. B. Accordingly, the Tehrani Brothers satisfy the first PSLRA requirement to be appointed lead plaintiff.

### 2. The Tehrani Brothers Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, the Tehrani Brothers believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly are presumed to be the "most adequate plaintiff." Courts generally prefer the last-in-first-out (LIFO) loss calculation methodology, and many courts exclude losses on securities that were not held at the time of a corrective disclosure because such losses are unrecoverable. *See, e.g.*, *Sallustro v. CannaVest*

*Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) ("[L]osses resulting from in-and-out transactions, which took place during the class period, but before the misconduct identified was ever revealed to the public are not to be included in loss calculations for purposes of selecting lead plaintiff.")

The Tehrani Brothers purchased Lordstown securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm.  *See* Ferguson Decl., Ex. C.  To the best of their knowledge, the Tehrani Brothers are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest.  As such, the Tehrani Brothers believe they have the "largest financial interest in the relief sought by the Class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. The Tehrani Brothers Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage, lead plaintiff candidates need only "make a prima facie showing that they satisfy the typicality and adequacy prerequisites of Rule 23." *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at \*11 (S.D. Ohio Nov. 23, 2020).

### a)       The Tehrani Brothers' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims "arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class." *See Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1034.

The Tehrani Brothers' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Tehrani Brothers allege that Defendants' material misstatements and omissions concerning the Company's business, operations, and financial prospects violated the federal securities laws.  The Tehrani Brothers, like all of the members of the Class, purchased Lordstown securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. The Tehrani Brothers' losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of the Company's securities caused by defendants' alleged misrepresentations and omissions. Accordingly, The Tehrani Brothers' interests and claims are "typical" of the interests and claims of the Class.

### b)       The Tehrani Brothers Are Adequate Representatives

The adequacy requirement is satisfied where: "(1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1034.

The Tehrani Brothers have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that he has sufficient incentive to provide vigorous advocacy.  *See* Ferguson Decl., Ex. C. The Tehrani Brothers reside in Los Angeles County, California and own and operate Optima Diamond. The Tehrani Brothers are not aware of any conflict between their claims and those asserted on behalf of the Class.

#### C.     The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, the Tehrani Brothers have selected GPM as lead counsel for the class and KMFY Law as liaison counsel.  GPM possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* Ferguson Decl., Ex. D.  GPM will consult KMFY Law regarding compliance with local rules.  Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation.  Accordingly, the Court should approve the Tehrani Brothers' selection of counsel.

### V.     CONCLUSION

For the foregoing reasons, Eskandar and Dari Tehrani respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the Related Actions with the Consolidated Lordstown Action; (2) appointing the Tehrani Brothers as lead plaintiff; (3) approving the Tehrani Brothers' selection of Glancy Prongay & Murray LLP as lead counsel and Kooperman Mentel Ferguson Yaross, Ltd. as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  May 17, 2021

**KOOPERMAN MENTEL FERGUSON YAROSS, LTD.**

*/s/ Katherine Connor  Ferguson*

Katherine Connor Ferguson, Esq. (0079207)
Lindsay M. Nelson, Esq. (0095560)
100 South 4th Street, Suite 100
Columbus, Ohio 43215
Telephone: (614) 344-4800
Facsimile: (614) 344-4801
Email: kferguson@kmfylaw.com
Email: lnelson@kmfylaw.com
*Liaison Counsel for Eskandar Tehrani and Dari Tehrani and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com

*Counsel for Eskandar and Dari Tehrani and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021 a copy of the foregoing was filed electronically with the Court through its Electronic Case Filing System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Katherine Connor Ferguson*
Katherine Connor Ferguson