**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| MATTHEW RICO, individually and on behalf of all others similarly situated, | No. 4:21-cv-00616-PAG |
| Plaintiff, | Judge Patricia A. Gaughan |
| v. | CLASS ACTION |
| LORDSTOWN MOTORS CORP., STEPHEN S. BURNS, RICH SCHMIDT, and JULIO RODRIGUEZ, | ORAL ARGUMENT REQUESTED |
| Defendants. | |
| RAYMOND ROMANO, Individually and on Behalf of All Others Similarly Situated, | No. 4:21-cv-00994-JRA |
| Plaintiff, | |
| v. | |
| LORDSTOWN MOTORS CORPORATION, STEPHEN S. BURNS, DAVID T. HAMAMOTO, MARK A. WALSH, ANDREW C. RICHARDSON, STEVEN R. HASH, and JUDITH A. HANNAWAY, | |
| Defendants. | |
| FNY MANAGED ACCOUNTS LLC, individually and on behalf of all others similarly situated, | No. 4:21-cv-01021-BYP |
| Plaintiff, | |
| v. | |
| LORDSTOWN MOTORS CORP., STEPHEN S. BURNS, RICH SCHMIDT, JULIO RODRIGUEZ, SHANE BROWN and DARREN POST, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF GEORGE TROICKY'S**
**MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,**
**AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................................. 3

ARGUMENT ..................................................................................................................... 6

I.      THE ACTIONS SHOULD BE CONSOLIDATED ............................................. 6

II.     MR. TROICKY SHOULD BE APPOINTED AS LEAD PLAINTIFF ............................ 7

        A.    The PSLRA Standard for Lead Plaintiff Appointment ..................................... 7

        B.    Mr. Troicky's Motion Is Timely ....................................................................... 8

        C.    Mr. Troicky Has a Substantial Financial Interest ............................................ 8

        D.    Mr. Troicky Satisfies the Requirements of Rule 23 ......................................... 9

III.    MR. TROICKY'S CHOICE OF COUNSEL SHOULD BE APPROVED ...................... 11

CONCLUSION ................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001)..................................................................................11

*Corwin v. ViewRay, Inc.*,
  No. 1:19-cv-2115, 2019 WL 6914774 (N.D. Ohio Dec. 19, 2019) ................................7, 9, 10

*In re Goodyear Tire & Rubber Co. Sec. Litig.*,
  No. 5:03 CV 2166, 2004 WL 3314943 (N.D. Ohio May 12, 2004) ..........................................9

*Hom v. Vale, S.A.*,
  No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016).....................................2

*Wojno v. Firstmerit Corp.*,
  No. 5:16CV00461, 2016 WL 8674644 (N.D. Ohio July 8, 2016)..........................................10

**Rules & Statutes**

Fed. R. Civ. P. 23 ......................................................................................... *passim*

Fed. R. Civ. P. 42(a) ........................................................................................2, 6

15 U.S.C. § 78u-4 *et seq* ................................................................................. *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)...................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ...............................................................................11

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
  No. 09-md-2027 (S.D.N.Y.) ...............................................................................12

Proposed Lead Plaintiff George Troicky ("Mr. Troicky") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his Motion for the entry of an Order: (1) consolidating the above-captioned class actions (the "Actions"); (2) appointing Mr. Troicky as Lead Plaintiff; (3) approving Mr. Troicky's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court are three related securities class actions.[1] The Actions allege that Lordstown Motors Corp. ("Lordstown" or the "Company") (formerly known as DiamondPeak Holdings Corp. ("DiamondPeak") and certain of its executive officers and directors (together, "Defendants"), violated Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and SEC Rule 10b-5 promulgated thereunder. The Actions have been brought on behalf of all persons who purchased or otherwise acquired Lordstown and DiamondPeak common stock and warrants between August 3, 2020 and March 24, 2021 (the

---

[1] On April 13, 2021, the Court issued an order consolidating the actions captioned: *Rico v. Lordstown Motors Corp.*, No. 21-cv-00616 (N.D. Ohio), *Palumbo v. Lordstown Motors Corp.*, No. 21-cv-00633 (N.D. Ohio), *Zuod v. Lordstown Motors Corp.*, No. 21-cv-00720 (N.D. Ohio), and *Brury v. Lordstown Motors Corp.*, No. 21-cv-00760 (N.D. Ohio) (together the "Consolidated Action") and any subsequent related actions assigned to or transferred to this Court (the "Consolidation Order"). *See* ECF No. 9. Thereafter, two more related cases were filed in this District captioned *Romano v. Lordstown Motors Corp.*, No. 21-cv-00994 (N.D. Ohio May 13, 2021) (the "*Romano* Action"), and *FNY Managed Accounts LLC v. Lordstown Motors Corp.*, No. 21-cv-01021 (N.D. Ohio May 17, 2021) (the "*FNY* Action"). The *Romano* Action is currently pending before Judge John R. Adams and the *FNY* Action is pending before Judge Benita Y. Pearson. Because these later-filed cases are not currently pending before the Court, Mr. Troicky respectfully requests that the *Romano* and *FNY* Actions be consolidated with the Consolidated Action pursuant to the Consolidation Order.

"Class Period"),[2] and were damaged thereby; and/or (2) purchased and held DiamondPeak common stock as of September 21, 2020 (the "Record Date"), and had the right to vote on the merger between DiamondPeak and Lordstown pursuant to the proxy statement dated October 8, 2020 who were damaged thereby (together, the "Class").

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to the appointment of a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Here, the *Romano* and *FNY* Actions should be consolidated with the Consolidated Action pursuant to the Consolidation Order because all cases involve nearly identical legal and factual questions.  *See* Fed. R. Civ. P. 42(a).  As soon as practicable after its decision on consolidation, the PSLRA then instructs this Court to appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which member of the Class has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Troicky respectfully submits that he should be appointed Lead Plaintiff because he has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA.  As discussed herein, Mr. Troicky incurred ***$864,201.53*** in losses as a result of his transactions in Lordstown and DiamondPeak common stock

---

[2]     The various related actions pending against Defendants have all asserted slightly differing class periods.  Generally, for the purposes of lead plaintiff appointment the longest, most inclusive class period governs.  *See Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016).  Therefore, Mr. Troicky has adopted the longest potential period for the purposes of this motion.

and warrants during the Class Period.[3]  In light of this significant loss, Mr. Troicky has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any other qualified movant.  Mr. Troicky also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.  Mr. Troicky has further demonstrated his adequacy through his selection of Labaton Sucharow as proposed Lead Counsel for the Class. Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Mr. Troicky is the "most adequate plaintiff," and respectfully requests that the Court appoint him Lead Plaintiff and approve his selection of counsel.

### FACTUAL BACKGROUND

Lordstown Motors is an automotive company founded for the purpose of developing and manufacturing light duty electric trucks targeted for sale to fleet customers.  Lordstown Motors' purported flagship vehicle is the "Endurance," an electric full-size pickup truck.  Until November 2020, Lordstown Motors shares were privately held.  DiamondPeak was a publicly traded special purpose acquisition company (also known as a SPAC), which was formed and taken public to raise funds to purchase one or more other businesses.  On August 3, 2020, Lordstown Motors and DiamondPeak announced that they had entered into a definitive agreement to merge, after which

---

[3]     A copy of the Certification of Mr. Troicky ("Certification") is attached as Exhibit A to the Declaration of Francis P. McConville ("McConville Decl.").  The Certification sets forth all of Mr. Troicky's relevant transactions in Lordstown and DiamondPeak common stock and warrants during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Mr. Troicky on his relevant Class Period transactions in Lordstown and DiamondPeak common stock and warrants ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

the combined company would remain listed on the NASDAQ stock exchange under the new ticker symbols "RIDE" and "RIDEW."

In September 2020, only weeks before going public on the NASDAQ, the Company declared that its book of pre-orders for Endurance had expanded from 27,000 to 40,000.  By January 2021, the Company's announced pre-orders for Endurance had soared to 100,000, which Defendants hailed as "unprecedented in automotive history" and put Lordstown in a position to "revolutionize the pickup truck industry."  Defendants continued to tout the strong demand for Endurance and the Company's growth prospects throughout the Class Period, consistently pointing to Lordstown's purported book of 100,000 pre-orders for the Endurance and assuring investors that these represented strong commercial demand from actual customers operating fleets of trucks.

As alleged in the actions, these and similar statements issued by Defendants during the Class Period were false and misleading and omitted material facts.  Specifically, as Defendants knew but concealed and misrepresented to investors: (1) the number of Endurance pre-orders were fabricated, and therefore inflated, and thus did not accurately reflect demand; (2) Lordstown had fabricated the pre-orders in order to give prospective investors a false sense of confidence; (3) the Company faced undisclosed production obstacles that would continue to delay production and delivery of the Endurance; and (4) as a result of the foregoing, Defendants' statements about Lordstown's business, operations, and prospects were false and misleading and/or lacked a reasonable basis..

On February 12, 2021, Morgan Stanley analyst Adam Jonas initiated coverage on Lordstown and publicly questioned Defendants' statements concerning the commercial viability of hub motor technology. Specifically, Jonas remarked that Lordstown's "radical" new hub motor technology "has never been commercialized" and "following a series of channel checks on the

4

propulsion tech, we believe investors would be exposed to significantly elevated execution risk." Jonas assigned Lordstown an overweight rating with a price target of $18. On this news, the price of Lordstown's common stock decreased 13.34% per share, or $3.84, from $30.75 per share on February 11, 2021 to close at $26.91 per share on February 12, 2021.

On March 12, 2021, stock research firm *Hindenburg Research* published a research report accusing Lordstown Motors of touting what were "largely fictitious" orders.  According to *Hindenburg Research*, in reality: (1) many of the purported pre-order customers were mere sham operations; (2) Lordstown Motors had paid consultants to solicit pre-orders from entities that were either unable and/or unwilling to ever make any actual purchases; (3) Lordstown Motors was not on track to begin final production by September 2021 and instead may take years to begin actual production; (4) Lordstown Motors' Chief Executive Officer had been terminated from his prior employment with the company that purportedly developed Lordstown Motors' EV truck technology for misconduct and failed management; and (5) as a result of the foregoing, Lordstown Motors' positive statements during the Class Period about the company's business metrics and financial prospects were false and misleading and/or lacked a reasonable basis.  On this news, Lordstown's share price plummeted by nearly 17%.

On March 17, 2021, Lordstown disclosed that the Company was under investigation by the SEC regarding the matters detailed in the *Hindenburg Research* report.  On this news, Lordstown's share price fell by nearly 14%, closing at $13.01 per share on March 18, 2021, representing a stunning 58% decline from its Class Period high.

Finally, on March 24, 2020, during the trading day, *Hindenburg Research* published additional pictures of the Endurance EV truck after it broke down and had to be loaded onto a tow truck during the filming of a commercial that had been aired just days prior to the common stock

5

of Lordstown Motors being taken public via its combination with DiamondPeak.  On this news the stock price fell another $1.21 per share, once again trading down on unusually high trading volume.

As a result of Defendants' alleged material misstatements and omissions, Mr. Troicky and the Class purchased or otherwise acquired Lordstown and DiamondPeak common stock and warrants during the Class Period at artificially inflated prices and were damaged thereby.

## ARGUMENT

### I.      THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law and fact."  *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp.*, Inc., No. 1: 17 CV 1677, 2017 WL 6028213, at *1 (N.D. Ohio Dec. 5, 2017). "Courts agree that 'consolidation is particularly appropriate in securities class action litigation.'" *Id.* (quoting *French v. CBL & Assoc. Props, Inc.*, No. 1:16 CV 165, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016)).

The Actions are well-suited for consolidation.  The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act.  *Id.*  Each action sets forth substantively similar allegations relating to similar parties, transactions, and events.  *Id.*  Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate under Rule 42(a).  Accordingly, Mr. Troicky respectfully requests that the Court consolidate the *Romano* and *FNY* Actions with the Consolidated Action pursuant to the Consolidation Order.

## II.    MR. TROICKY SHOULD BE APPOINTED AS LEAD PLAINTIFF

Mr. Troicky respectfully submits that he is the presumptively "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements. *See Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115, 2019 WL 6914774, at *2 (N.D. Ohio Dec. 19, 2019) (discussing lead plaintiff appointment procedure).

### A.    The PSLRA Standard for Lead Plaintiff Appointment

The PSLRA provides a straightforward, sequential procedure for selecting the lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable

7

> of adequately representing the interests of class members (. . . the
> "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Under the framework established by the PSLRA, Mr. Troicky is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Mr. Troicky's Motion Is Timely

Mr. Troicky filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely circulated, national, business-oriented news wire service, on March 18, 2021. *See* Notice, McConville Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before May 17, 2021. Mr. Troicky filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### C. Mr. Troicky Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

8

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Troicky has a financial interest of approximately *$864,201.53* in the outcome of this litigation. *See* McConville Decl., Ex. B. To the best of Mr. Troicky's knowledge, there is no other qualified applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Consequently, Mr. Troicky believes that he has the "largest financial interest in the relief sought by the Class." Thus, Mr. Troicky satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.

### D. Mr. Troicky Satisfies the Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, a movant need only make a *prima facie* showing that it is both typical and adequate. *See ViewRay, Inc.*, 2019 WL 6914774, at *2.

"[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03 CV 2166, 2004 WL 3314943, at *6 (N.D. Ohio May 12, 2004) (quoting *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). Here, Mr. Troicky's claims are typical of the claims asserted by the

proposed Class.  Like all members of the Class, Mr. Troicky alleges that Defendants violated the Exchange Act during the Class Period.  Mr. Troicky, like all members of the Class, purchased or otherwise acquired Lordstown shares during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby.  *ViewRay, Inc.*, 2019 WL 6914774, at \*3.  Accordingly, because Mr. Troicky's interests and claims are "typical" of the interests and claims of the Class, Mr. Troicky satisfies the Rule 23 typicality requirement.

"The Sixth Circuit looks to two criteria in determining the adequacy of a potential class representative: '1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'"  *Wojno v. Firstmerit Corp.*, No. 5:16CV00461, 2016 WL 8674644, at \*4 (N.D. Ohio July 8, 2016) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012)).  Here, the interests of Mr. Troicky and the Class are squarely aligned and not antagonistic in any way.  Mr. Troicky has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action.  *See infra*, Section III.  Further, Mr. Troicky's financial interest ensures that he will provide vigorous advocacy in representing the Class.  *See* McConville Decl., Ex. B.  Finally, Mr. Troicky is not aware that any conflict exists between his claims and those asserted on behalf of the Class. As such, Mr. Troicky has satisfied the adequacy requirement.

As detailed in his Declaration, Mr. Troicky is a sophisticated investor committed to fulfilling the fiduciary role of Lead Plaintiff should he be appointed.  *See* Declaration, McConville Decl. Ex. D.  Mr. Troicky resides in Cleveland, Ohio.  *Id.* ¶ 3.  Mr. Troicky earns a living through his investments in commercial real estate, mainly warehouse and storage facilities.  *Id.*  In running his business, Mr. Troicky routinely retains and directs outside attorneys in litigation matters.  *Id.*

Mr. Troicky determined to seek the role of Lead Plaintiff because he believes in the importance of this matter in that it alleges serious misconduct that caused substantial losses to investors and raises significant corporate governance concerns. *Id.* ¶¶ 2, 4. Mr. Troicky is aware of the fiduciary duties he will assume if appointed as Lead Plaintiff, including the selection and continued oversight of counsel. *Id.* ¶ 5. Mr. Troicky has already taken steps in directing his selection of counsel, including through the negotiation of a retainer agreement should the Actions settle. *Id.* ¶ 7.

Accordingly, as the movant with the largest financial interest who also satisfies the typicality and adequacy requirements of Rule 23, Mr. Troicky is the "most adequate plaintiff." As no competing movant will be able to submit the requisite proof that Mr. Troicky is atypical, inadequate, or subject to unique defenses, he is entitled to appointment as Lead Plaintiff.

## III.   MR. TROICKY'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Troicky has selected Labaton Sucharow to pursue this litigation on his behalf and has retained the firm as his proposed Lead Counsel. Labaton Sucharow has excelled as lead counsel in numerous landmark securities class actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation,* No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation,* No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam*

11

*Computer Services Ltd. Securities Litigation,* No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members.  Labaton Sucharow presently serves as lead counsel in several significant investor class actions.  *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. E.

Accordingly, the Court may be assured that, by granting Mr. Troicky's motion, the Class will receive the highest caliber of legal representation.

<u>**CONCLUSION**</u>

For the foregoing reasons, Mr. Troicky respectfully requests the Court grant his Motion and enter an Order: (1) consolidating the Actions; (2) appointing Mr. Troicky as Lead Plaintiff, (3) approving Mr. Troicky's selection of Labaton Sucharow as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

DATED:  May 17, 2021

Respectfully submitted,

*/s/ Francis P. McConville*
**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
David J. Schwartz
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff George Troicky and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino

12

1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for George Troicky*

13

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.


/s/ *Francis P. McConville*
Francis P. McConville