**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| MATTHEW RICO, individually and on behalf of all others similarly situated, | Case No. 21 CV 616 |
| Plaintiff, | Hon. Patricia A. Gaughan District Judge Chief Judge |
| v. | Hon. David A. Ruiz Magistrate Judge |
| LORDSTOWN MOTORS CORP., STEPHEN S. BURNS, RICH SCHMIDT, and JULIO RODRIGUEZ, |  |
| Defendants. |  |

[*Additional captions on following page.*]

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**THE MOTION OF THE LORDSTOWN SHAREHOLDER GROUP FOR**
**CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD**
**PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

| | |
|---|---|
| RAYMOND ROMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>          v.<br><br>LORDSTOWN MOTORS CORPORATION, STEPHEN S. BURNS, DAVID T. HAMAMOTO, MARK A. WALSH, ANDREW C. RICHARDSON, STEVEN R. HASH, and JUDITH A. HANNAWAY,<br><br>               Defendants. | Case No. 4:21-cv-00994-JRA<br><br>Hon. John R. Adams<br>District Judge<br><br>Hon. Kathleen B. Burke<br>Magistrate Judge |
| FNY MANAGED ACCOUNTS LLC, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>          v.<br><br>LORDSTOWN MOTORS CORP., STEPHEN S. BURNS, RICH SCHMIDT, JULIO RODRIGUEZ, SHANE BROWN and DARREN POST,<br><br>               Defendants. | Case No. 4:21-cv-01021-PAG<br><br>Hon. Patricia A. Gaughan<br>District Judge<br>Chief Judge<br><br>Hon. Thomas M. Parker<br>Magistrate Judge |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................1

     A.    Issues to Be Decided.................................................................2

     B.    Summary of the Argument.........................................................2

II.    FACTUAL BACKGROUND...................................................................4

III.    ARGUMENT ..........................................................................................6

     A.    The Related Actions Should Be Consolidated..........................6

     B.    The Lordstown Shareholder Group Is the Most Adequate Plaintiff........................8

        1.    The Lordstown Shareholder Group's Motion Is Timely ............................9

        2.    The Lordstown Shareholder Group Has the Largest Financial Interest in the Relief Sought by the Class ...................................9

        3.    The Lordstown Shareholder Group Satisfies the Requirements of Rule 23 ...............................................................10

            a)    The Lordstown Shareholder Group Is Typical ............................ 11

            b)    The Lordstown Shareholder Group Is Adequate .......................... 11

     C.    The Lordstown Shareholder Group's Selection of Lead Counsel Should Be Approved..............................................................12

IV.    CONCLUSION.....................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bhojwani v. Pistiolis*,
Nos. 06 Civ. 13761(CM)(KNF), *et al.*,
2007 WL 2197836 (S.D.N.Y. June 26, 2007) ..........................................................................2

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
No. 3:16-cv-1106,
2017 WL 5759361 (N.D. Ohio Nov. 28, 2017) ...............................................................10, 11

*City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*,
Nos. 1:17 CV 1677, *et al.*,
2017 WL 6028213 (N.D. Ohio Dec. 5, 2017) ............................................................................8

*In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ................................................................................. 12-13

*Thieffry v. Waldis*,
Nos. 17-7173(FLW), *et al.*, 2018 WL 2357759 (D.N.J. May 24, 2018) ..................................14

**Statutes**

15 U.S.C. § 78u-4(a) ......................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) ...................................................................................................10, 11

ii

Ethan Fingerer, Kevin Levent, M.R.S. Leasing Corporation LTD, Mario Guerrero, and Carole Cooper (the "Lordstown Shareholder Group") respectfully submit this memorandum of points and authorities in support of their motion (the "Motion") for: (1) consolidation of the above-captioned actions (the "Related Actions"); (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approval of the selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the class and Perez & Morris LLC ("Perez & Morris") as Liaison Counsel for the class; and (4) any such further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The Related Actions[1] are brought under Sections 10(b), 14(a), 20A, and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78n(a), and 78t(a), against Lordstown Motors Corp., formerly known as DiamondPeak Holdings Corp. ("DiamondPeak," and together with Lordstown Motors Corp., "Lordstown" or the "Company") and certain of the Company's current and former executive officers and directors (collectively, "Defendants"). The Related Actions are brought on behalf of a proposed class of all persons or

---

[1]    On April 13, 2021, the Court consolidated four related securities class actions under case number 21 CV 616: *Rico v. Lordstown Motors Corp., et al.*, No. 4:21-cv-00616-PAG (N.D. Ohio filed Mar. 18, 2021); *Palumbo v. Lordstown Motors Corporation, et al.*, No. 4:21-cv-00633-PAG (N.D. Ohio filed Mar. 19, 2021); *Zuod v. Lordstown Motors Corp., et al.*, No. 4:21-cv-00720-PAG (N.D. Ohio filed Apr. 2, 2021); and *Brury v. Lordstown Motors Corp., et al.*, No. 4:21-cv-00760-PAG (N.D. Ohio filed Apr. 8, 2021). *See Rico v. Lordstown Motors Corp., et al.*, No. 21 CV 616 (N.D. Ohio Apr. 13, 2021), ECF No. 9 (the "Order"). A fifth action, *Romano v. Lordstown Motors Corporation, et al.*, No. 4:21-cv-00994-JRA (N.D. Ohio filed May 13, 2021), and a sixth action, *FNY Managed Accounts LLC v. Lordstown Motors Corp.*, No. 4:21-cv-01021-PAG (N.D. Ohio filed May 14, 2021) (together with the consolidated actions, the "Related Actions"), were subsequently filed and have not yet been consolidated with the other four Related Actions. *See* Order at 2 ("Any subsequent case filed before the undersigned or transferred as a related action will be subject to this Order.").

1

entities that purchased or otherwise acquired Lordstown or DiamondPeak securities between August 3, 2020, and March 24, 2021, inclusive (the "Class Period"), and shareholders of DiamondPeak as of the September 21, 2020 record date, who were entitled to vote on DiamondPeak's merger with Lordstown.[2]

### A. Issues to Be Decided

This Motion requires the Court to decide the following issues:

(1) Whether the Related Actions should be consolidated under Federal Rule of Civil Procedure 42(a) ("Rule 42(a)").

(2) Whether the Lordstown Shareholder Group should be appointed as Lead Plaintiff under the PSLRA, 15 U.S.C. § 78u-4.

(3) Whether the Lordstown Shareholder Group's selection of Kessler Topaz and Block & Leviton as Lead Counsel for the Class and Perez & Morris as Liaison Counsel for the Class should be approved.

### B. Summary of the Argument

First, the Related Actions should be consolidated. The actions allege overlapping claims against overlapping defendants, across overlapping class periods, based on the same misconduct. Because the Related Actions involve common issues of law and fact, the Lordstown Shareholder Group respectfully suggests that consolidation is appropriate under Rule 42(a).

After consolidation, the PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws. Specifically, the PSLRA requires a court to

---

[2] For purposes of this motion, the Lordstown Shareholder Group has used the broadest class period in the Related Actions to calculate its financial interest, and refers to the broadest set of claims and defendants asserted in the Related Actions. *See, e.g.*, *Bhojwani v. Pistiolis*, Nos. 06 Civ. 13761(CM)(KNF), *et al.*, 2007 WL 2197836, at *3 (S.D.N.Y. June 26, 2007), *report and recommendation adopted*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588 (S.D.N.Y. July 30, 2007) (applying more inclusive class period for purposes of lead plaintiff appointment).

appoint as lead plaintiff the movant or group who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Lordstown Shareholder Group respectfully submits that it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. The Lordstown Shareholder Group's Motion is timely and its losses of approximately $1,455,571 on a last-in, first-out ("LIFO") basis in connection with its transactions in Lordstown and DiamondPeak securities during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Juan Jose Perez ("Perez Decl."), Exs. A-B. In addition to asserting the largest financial interest, the Lordstown Shareholder Group easily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the class and because it will fairly and adequately represent the class.

As set forth in greater detail in their Joint Declaration, each member of the Lordstown Shareholder Group fully understands the Lead Plaintiff's obligations to the class under the PSLRA, and is willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation. *See* Perez Decl., Ex. C. In fact, prior to seeking a role as Lead Plaintiff, the members of the Lordstown Shareholder Group participated in a conference call to discuss, among other things, the claims against Defendants and their plans to jointly prosecute this litigation. *See id*. Accordingly, the Lordstown Shareholder Group has the incentive and ability to supervise and monitor counsel.

Lastly, the Lordstown Shareholder Group has retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, the Lordstown

Shareholder Group's selection of Kessler Topaz and Block & Leviton as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.     FACTUAL BACKGROUND

Lordstown, a Delaware corporation with principal executive offices in Lordstown, Ohio, manufactures electric light-duty fleet trucks.  The Company went public through a reverse merger with DiamondPeak, a special purpose acquisition company, in October 2020 (the "Merger").

The Related Actions allege that, throughout the Class Period and in the Proxy Statement filed in support of the Merger, Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants misrepresented and/or failed to disclose that: (1) Lordstown's purported pre-orders were either not legally binding or were fabricated and thus did not accurately reflect investor demand; (2) many of the would-be customers who made these purported pre-orders were sham operations that lacked the means to make such purchases and/or would not have credible demand for Lordstown's first vehicle, the Endurance; (3) Lordstown had fabricated the pre-orders in order to give prospective investors a false sense of confidence; (4) Lordstown had paid consultants to solicit pre-orders from entities that were either unable and/or unwilling to make any actual purchases; (5) Lordstown is not and has not been "on track" to commence production of the Endurance in September 2021, as it faced undisclosed production obstacles that would continue to delay production and delivery by as much as three to four more years; (6) Defendants had artificially inflated Lordstown's financial statements throughout the Class Period; (7) the first test run of the Endurance led to the vehicle bursting into flames within ten minutes; (8) Lordstown's Chief Executive Officer, Chairman, and Founder, Stephen S. Burns, had been thrown out of his

4

prior company, Workhorse Group Inc. ("Workhorse"), for misconduct and failed management; and (9) as a result of the foregoing, Defendants' statements about the Company's business, operations, and prospects were false and misleading and/or lacked a reasonable basis.

Investors began to learn the truth on March 12, 2021, when Hindenburg Research published a report (the "Hindenburg Report") that raised numerous concerns pertaining to the Endurance and Defendant Burns's public representations about the electric vehicle.  For example, the Hindenburg Report revealed that multiple purported pre-orders for thousands of Lordstown trucks had originated from small, recently-created entities lacking legitimate business addresses and which did not operate vehicle fleets.  The Hindenburg Report also presented a copy of the Company's actual pre-order agreement: a "Non-Binding Letter of Intent" that required no deposit.  Moreover, Climb2Glory—a consulting group hired by Lordstown to drum up pre-orders—spoke openly about the "purpose behind the pre-order game": "the faster the pre-orders arrived, the greater investors' confidence would be in the company and the faster funds would flow in."  Hindenburg Research also questioned the Company's September 2021 start-of-production milestone, stating that former employees had "explained how the company is experiencing delays and making 'drastic' design modifications, putting [Lordstown] an estimated 3-4 years away from production" and disclosed that "the company has completed none of its needed testing or validation, including cold weather testing, durability testing, and Federal Motor Vehicle Safety Standards . . . testing required by the [National Highway Traffic Safety Administration]."  The Hindenburg Report also provided copies of the 911 call and police report from a January 2021 vehicle fire that occurred ten minutes into the Endurance's first street road test.  On this news, the price of Company stock declined $2.93 per share, or approximately 16.5%, from a close of $17.71 per share on March 11, 2021, to close at $14.78 per share on March 12, 2021.

Then, after the market closed on March 17, 2021, the Company reported a net loss of $101 million for the full year of 2020. Defendants also disclosed that the Company had "received a request for information from the [U.S. Securities and Exchange Commission]" and that Lordstown's board of directors had "formed a special committee to review these matters." The following day, prior to the opening of trading, Defendant Burns admitted on *CNBC* that the Company "[didn't] have a product yet" and claimed that Defendants had "never said we had orders." On this news, the price of Company stock declined an additional $2.08 per share, or approximately 13.8%, from a close of $15.09 per share on March 17, 2021, to close at $13.01 per share on March 18, 2021.

Finally, on March 24, 2021, Hindenburg Research published "behind-the-scenes" photographs of the Endurance breaking down, and being towed away, during the shooting of Lordstown's July 2020 commercial for the Endurance—which was released shortly before the Company announced that it was going public. On this news, the price of Company stock declined $1.21 per share, or approximately 9.6%, from a close of $12.59 per share on March 23, 2021, to close at $11.38 per share on March 24, 2021.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least six related securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Definition |
|---|---|---|
| *Rico v. Lordstown Motors Corp., et al.*, No. 4:21-00cv-00616-PAG | March 18, 2021 | Sections 10(b) and 20(a) of the Exchange Act; investors who purchased or otherwise acquired shares of Lordstown (formerly known as DiamondPeak) securities between August 3, 2020 and March 17, 2021 |
| *Palumbo v. Lordstown Motors Corporation, et al.*, No. 4:21-cv-00633-PAG | March 19, 2021 | Sections 10(b) and 20(a) of the Exchange Act; persons or entities that purchased or otherwise acquired Lordstown common stock from October 26, 2020 through March 17, 2021 |
| *Zuod v. Lordstown Motors Corp., et al.*, No. 4:21-cv-00720-PAG | April 2, 2021 | Sections 10(b) and 20(a) of the Exchange Act; purchasers of the publicly traded shares of Class A common stock and warrants to purchase the Class A common stock of Lordstown and/or DiamondPeak between August 3, 2020 and March 24, 2021, and all holders of DiamondPeak common stock entitled to participate in the August 22, 2020[3] shareholder vote on the Merger |
| *Brury v. Lordstown Motors Corp., et al.*, No. 4:21-cv-00760-PAG | April 8, 2021 | Sections 10(b) and 20(a) of the Exchange Act; investors who purchased or otherwise acquired shares of Lordstown (formerly known as DiamondPeak) securities between August 3, 2020 and March 17, 2021 |
| *Romano v. Lordstown Motors Corporation, et al.*, No. 4:21-cv-00994-JRA | May 13, 2021 | Sections 10(b), 14(a), and 20(a) of the Exchange Act; persons or entities that (1) purchased DiamondPeak or Lordstown common stock between August 3, 2020 and March 24, 2021, and/or (2) purchased and held DiamondPeak common stock as of the September 21, 2020 record date and had the right to vote on the Merger pursuant to the Proxy Statement dated October 8, 2020 |
| *FNY Managed Accounts LLC v. Lordstown Motors Corp., et al.*, No. 4:21-cv-01021-PAG | May 14, 2021 | Sections 10(b), 20A, and 20(a) of the Exchange Act; persons or entities that purchased or otherwise acquired Lordstown |

---

[3]     The shareholder vote actually occurred on October 22, 2020, with a record date of September 21, 2020.

| | | securities from August 3, 2020 through March 24, 2021 |
| --- | --- | --- |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact.  *See City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, Nos. 1:17 CV 1677, *et al.*, 2017 WL 6028213, at *1 (N.D. Ohio Dec. 5, 2017).  Here, the Related Actions assert claims under the Exchange Act against overlapping defendants, across overlapping class periods, and concerning the same conduct.  Accordingly, consolidation is appropriate.  In fact, the first four of the Related Actions have already been consolidated by the Court.  *See generally* Order.

### B.       The Lordstown Shareholder Group Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *See id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the member or group of members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court

shall adopt a presumption that the most adequate plaintiff in any private action arising under the

PSLRA is the movant or group of movants that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I).

Here, the Lordstown Shareholder Group is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion.  *Id.*

### 1.  The Lordstown Shareholder Group's Motion Is Timely

The PSLRA allows any member of the class, or group of class members, to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the first of the Related Actions, *Rico v. Lordstown Motors Corp, et al.*, No. 21 CV 616 (N.D. Ohio), notice was published on March 18, 2021, in *Globe Newswire*, alerting investors to the pendency of the action and informing them of the May 17, 2021 deadline to seek appointment as Lead Plaintiff.  *See* Perez Decl., Ex. D.  Therefore, the Lordstown Shareholder Group's Motion is timely.

### 2.  The Lordstown Shareholder Group Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant or group of movants asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, the Lordstown Shareholder

9

Group suffered losses of approximately $1,455,571 on a LIFO basis in connection with its Class Period transactions in Lordstown and DiamondPeak securities.  *See* Perez Decl., Exs. A-B.  To the best of the Lordstown Shareholder Group's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.  Accordingly, the Lordstown Shareholder Group has the largest financial interest of any qualified movant or group of movants seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. The Lordstown Shareholder Group Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy.  *See id*.

Rule 23(a) provides that a party or group of parties may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  At the lead plaintiff selection stage of litigation, movants "need only make a prima facie showing that they meet the typicality and adequacy prerequisites."  *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-cv-1106, 2017 WL 5759361, at *8 (N.D. Ohio Nov. 28, 2017) (citation omitted).

10

### a)      The Lordstown Shareholder Group Is Typical

The typicality requirement is satisfied when the presumptive lead plaintiff's claims arise "from the same event or practice or course of conduct that gives rise to the claims of other class members, and [when] his or her claims are based on the same legal theory." *Id.* (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007)).  The Lordstown Shareholder Group satisfies the typicality requirement because, just like all other proposed class members, the Lordstown Shareholder Group seeks recovery for the losses on its investments in Lordstown and DiamondPeak securities that it incurred as a result of Defendants' misrepresentations and omissions.  Thus, the Lordstown Shareholder Group's claims arise from the same conduct as those of the other class members and the Lordstown Shareholder Group satisfies Rule 23's typicality requirement.

### b)      The Lordstown Shareholder Group Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In evaluating the movants' adequacy, courts consider whether: (1) the movants "possess the same interest and suffer the same injury as the class members"; (2) the movants have interests that are "antagonistic to those of other class members"; and (3) the movants' chosen counsel is "qualified, experienced and generally able to conduct the litigation." *Id.* (quoting *Beattie*, 511 F.3d at 562-63).

Here, the Lordstown Shareholder Group is adequate because its interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements.  There is no antagonism or potential conflict between the Lordstown Shareholder Group's interests and those of the other members of the class, and the Lordstown Shareholder Group is fully committed to

11

vigorously pursuing the claims on behalf of the class.  Moreover, as set forth in the Lordstown Shareholder Group's Joint Declaration, each member of the Lordstown Shareholder Group fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation.  *See* Perez Decl., Ex. C.  Additionally, the Lordstown Shareholder Group is committed to ensuring that this litigation is prosecuted in an efficient and effective manner.  To this end, the members of the Lordstown Shareholder Group participated in a joint conference call to discuss, among other things, the claims against Defendants and their plans to jointly prosecute this litigation, and have arranged to communicate with each other as needed, both with and without counsel, and plan to use consensus decision making to maximize the recovery for the class.  *See id.*

Further, the Lordstown Shareholder Group has demonstrated its adequacy through their selection of Kessler Topaz and Block & Leviton to serve as Lead Counsel for the class.  As discussed more fully below, Kessler Topaz and Block & Leviton are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex actions in an efficient, effective, and professional manner.

### C.     The Lordstown Shareholder Group's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead

12

plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice") (citations omitted). Here, the Lordstown Shareholder Group has selected and retained Kessler Topaz and Block & Leviton to serve as Lead Counsel for the class.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Perez Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Kessler Topaz is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); and *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial

13

before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Block & Leviton also has substantial experience in the prosecution of shareholder and securities class actions.  *See* Perez Decl., Ex. F.  As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by Block & [Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, Civ. No. 4:10-MD-02185 (S.D. Tex.), *In re Google, Inc. Class C Shareholder Litigation*, Civ. No. 7469-CS (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation*, Civ. No. 3:15-md-02672 (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholders in this suit.

*Thieffry v. Waldis*, Nos. 17-7173(FLW), *et al.*, 2018 WL 2357759, at *5 (D.N.J. May 24, 2018).

Perez & Morris also has substantial experience litigating complex actions, including within this District, and is well qualified to represent the class as Liaison Counsel.  *See* Perez Decl., Ex. G.

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve the Lordstown Shareholder Group's selection of Kessler Topaz and Block & Leviton as Lead Counsel for the class and Perez & Morris as Liaison Counsel for the class.

## IV.    CONCLUSION

For the reasons set forth above, the Lordstown Shareholder Group respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint the Lordstown Shareholder Group as Lead Plaintiff; (3) approve the Lordstown Shareholder Group's selection of Kessler Topaz and

14

Block & Leviton as Lead Counsel for the class and Perez & Morris as Liaison Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated:  May 17, 2021

Respectfully submitted,

s/ Juan Jose Perez
Juan Jose Perez
**PEREZ & MORRIS LLC**
8000 Ravine's Edge Court, Suite 300
Columbus, OH 43235
Telephone: (614) 431-1500
Facsimile: (614-431-3885
jperez@perez-morris.com
Ohio Bar Number: 0030400

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ MELTZER**
  **& CHECK, LLP**
Naumon A. Amjed
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

**BLOCK & LEVITON LLP**
Jacob A. Walker
Stephen J. Teti
260 Franklin St., Suite 1860
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile: (617) 507-6020
jake@blockleviton.com
steti@blockleviton.com

*Counsel for the Lordstown Shareholder Group and Proposed Lead Counsel for the Class*

15

**LIFSHITZ LAW FIRM, P.C.**
Joshua M. Lifshitz
1190 Broadway
Hewlett, NY 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376
jml@jlclasslaw.com

*Additional Counsel*