**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

|  |  |
|---|---|
| MATTHEW RICO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., STEPHEN S. BURNS, RICH SCHMIDT, and JULIO RODRIGUEZ,<br><br>Defendants. | No. 4:21-cv-00616-PAG<br><br>Judge Patricia A. Gaughan<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**GEORGE TROICKY'S MOTION FOR APPOINTMENT AS**
**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD**
**COUNSEL; AND IN OPPOSITION TO ALL COMPETING MOVANTS**

Proposed Lead Plaintiff Mr. Troicky respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of counsel; and in opposition to all competing movants.[1]

### PRELIMINARY STATEMENT

Mr. Troicky, as the movant with the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, is the "most adequate plaintiff" under the PSLRA and therefore entitled to appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B).

Mr. Troicky has asserted the largest loss under a last-in-first-out ("LIFO") basis, and therefore has the largest financial interest in the outcome of this case:

---

[1]    Unless otherwise noted, all defined terms and abbreviations remain unchanged from Mr. Troicky's previous submissions before this Court and emphasis added throughout.  *See* ECF No. 21 *et seq*.  Following the expiration of the deadline to file motions for appointment as Lead Plaintiff, this Court consolidated the *Romano* and *FNY* Actions with the Consolidated Action.  *See* ECF No. 27.  In addition to Mr. Troicky, motions were filed by: (1) Ethan Fingerer, Carole Cooper, Kevin Levent, M.R.S. Leasing Corporation LTD, Mario Guerrero (the "Fingerer Group") (ECF No. 25); (2) Globestar Systems Inc. and Daniel Tavares (the "Globestar Group") (ECF No. 18); (3) Kin San Chan, Randy Slipher, Steven Terry (the "Chan Group") (ECF No. 13); (4) Gurpreet Singh ("Mr. Singh") (ECF No. 22); (5) Ashith Pabbathi ("Mr. Pabbathi") (ECF No. 23); (6) John H. Jenkins and Robert Miller (the "Jenkins Group") (ECF No. 19); (7) FNY Managed Accounts, LLC ("FNY") (ECF No. 14); (8) Joshua Betof and Kenneth Davenport (the "Betof Group") (ECF No. 19); (9) Mohammed Chowdhury, Simha Cohen, and Pnina Cohen (the "Chowdury Group") (ECF No. 16); and Dare Tehrani and Eskandar Tehrani (the "Tehrani Group") (ECF No. 15).  After filing competing Lead Plaintiff motions, the following movants either withdrew their motions, filed notices of non-opposition, or indicated they did not oppose Mr. Troicky's motion specifically: the Tehrani Group, Chowdury Group, Fingerer Group, Jenkins Group, Globestar Group, Betof Group, FNY, Mr. Singh.  *See* ECF Nos. 28-35.

| MOVANT | LIFO LOSSES[2] |
|---|---|
| **Mr. Troicky** | **$864,202** |
| • Kin San Chan<br><br>• Randy Slipher<br>• Steven Terry<br><br>Chan Group Total | • $166,279[3]<br>• $135,602<br>• $430,500<br><br><br>$732,381 |
| Mr. Pabbathi | $657,924 |

Because losses suffered is the outcome determinative factor in the financial interest analysis, Mr. Troicky clearly possesses the largest financial interest. *See Owens v. FirstEnergy Corp.*, No. 2:20-CV-03785, 2020 WL 6873421, at *11 (S.D. Ohio Nov. 23, 2020) (finding largest LIFO loss "determinative" factor in financial interest analysis).

In addition to claiming the largest financial interest, Mr. Troicky is both typical and adequate under Rule 23, and therefore the "most adequate plaintiff" under the PSLRA.  As the presumed "most adequate plaintiff," Mr. Troicky is required to be appointed as Lead Plaintiff absent "proof" that he is atypical, inadequate, or subject to unique defenses.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  As no such "proof" exists, Mr. Troicky is entitled to Lead Plaintiff status. Accordingly, Mr. Troicky respectfully requests that he be appointed as Lead Plaintiff and all other motions denied.

---

[2]	Loss figures taken from each respective movant's initial motion.  *See* ECF No. 13-2 at 14-17 (Chan Group Loss Analysis); ECF No. 23-2 at 8 (Mr. Pabbathi Loss Analysis).

[3]	Loss figure excludes $180 gain from options transactions.  *See* ECF No. 13-2 at 17 (Chan Group loss analysis).

<u>**ARGUMENT**</u>

**I.      MR. TROICKY IS THE MOST ADEQUATE PLAINTIFF**

Under the PSLRA's sequential review process, following consolidation of all related actions, district courts are required to appoint the presumed "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. 78u-4 § (a)(3)(B).  This presumption is given to the member of the putative class who: (1) "either filed the complaint or made a motion in response to a notice;" (2) has claimed the "largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23."  *Id.*  78u-4 § (a)(3)(B)(iii)(I); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 302 (S.D. Ohio 2005) ("To determine which candidate should be Lead Plaintiff, the Court engages in a two-step inquiry, calculating which candidate has the largest financial interest, and then determining whether that candidate meets the typicality and adequacy requirements of Rule 23(a).").  Upon determination as to the presumed "most adequate plaintiff," the court's attention is then limited to that plaintiff alone, and that plaintiff "***must***" be appointed absent "***proof***" the plaintiff "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses."  *Id.*  78u-4 § (a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("Once it determines which plaintiff has the biggest stake, the court ***must*** appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

As applied, Mr. Troicky is the unrebutted "most adequate plaintiff" and entitled to appointment.  For the reasons discussed herein and in his opening brief, Mr. Troicky timely filed a motion for appointment as Lead Plaintiff, has claimed the largest financial interest, and has satisfied his preliminary showing that he is both typical and adequate under Rule 23.  As no competing movant has, or will be able to, submit the required "proof" that Mr. Troicky is atypical,

inadequate, or subject to unique defenses, the PSLRA dictates that he should be appointed as Lead Plaintiff all other competing motions denied.

### A.       Mr. Troicky Has the Largest Financial Interest

As the movant claiming the largest loss of $864,202 under a LIFO basis, Mr. Troicky is the movant with the largest financial interest in the outcome of this case.  Losses suffered is the "determinative" factor in the financial interest analysis.  *FirstEnergy Corp.*, 2020 WL 6873421, at *11 ("[i]n keeping with the courts of this Circuit and its previous decisions," court finds largest LIFO loss "determinative" factor in financial interest analysis).  On this point, the LIFO loss calculation methodology is the approach adopted by district courts across the country in determining losses suffered.[4]

As applied, during the Class Period, Mr. Troicky sustained the largest LIFO loss of $864,202, and therefore has the largest financial interest.  Indeed, Globestar Group, Mr. Singh, and FNY each individually recognized Mr. Troicky's superior financial interest and therefore his presumptive Lead Plaintiff status.  *See* ECF Nos. 32, 33, 35.  As the movant claiming the largest LIFO loss, Mr. Troicky has the largest financial interest in this case.  *See Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115, 2019 WL 6914774, at *2 (N.D. Ohio Dec. 19, 2019) (appointing movant with

---

[4]       *Johnson v. Dana Corp.*, 236 F.R.D. 349, 352–53 (N.D. Ohio) (adopting LIFO); *FirstEnergy Corp.*, 2020 WL 6873421, at *6 (same); *Born v. Quad/Graphics, Inc.*, No. 19-CV-10376 (VEC), 2020 WL 994427, at *2 n.2 (S.D.N.Y. Mar. 2, 2020) (same); *Mariconda v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2018 WL 6307868, at *3 (D. Colo. Dec. 3, 2018) (noting strong preference for LIFO); *McGee v. Am. Oriental Bioengineering, Inc.*, No. 2:12-CV-5476-SVW-SH, 2012 WL 12895668, at *4 (C.D. Cal. Oct. 16, 2012) (adopting LIFO in recognition of widespread use); *Strong v. AthroCare Corp.*, No. No. A–08–CA–574–SS. 2008 WL 11334942, at *6 (W.D. Tex. Dec. 10, 2008) (same).  The remaining movants have either expressly adopted LIFO or their losses are in accord with LIFO.  *See* ECF No. 13-2 at 14-17 (Chan Group Loss Analysis); ECF No. 23-2 at 8 (Mr. Pabbathi Loss Analysis).

largest LIFO loss).  Accordingly, Mr. Troicky has the largest financial interest, and thus satisfies the PSLRA's second requirement for "most adequate plaintiff."

**B.      Mr. Troicky Readily Satisfies the Requirements of Rule 23**

Having established that he possesses the largest financial interest, the Court's inquiry now shifts to whether Mr. Troicky has satisfied his preliminary showing of typicality and adequacy under Rule 23.  For the reasons discussed herein and in his opening brief, Mr. Troicky is both typical and adequate to the Class, and is therefore the presumed "most adequate plaintiff" under the PLSRA.

Mr. Troicky's claims are typical of the claims asserted by the proposed Class.  "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."  *Goodyear*, 2004 WL 3314943, at *6 (quoting *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).  Here, like all members of the Class, Mr. Troicky alleges that Defendants violated the Exchange Act during the Class Period.  Mr. Troicky, like all members of the Class, purchased or otherwise acquired Lordstown shares during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *ViewRay, Inc.*, 2019 WL 6914774, at *3.  Accordingly, because Mr. Troicky's interests and claims are "typical" of the interests and claims of the Class, Mr. Troicky satisfies the Rule 23 typicality requirement.

Mr. Troicky also satisfies the adequacy requirement.  "The Sixth Circuit looks to two criteria in determining the adequacy of a potential class representative: '1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'"

*Wojno v. Firstmerit Corp.*, No. 5:16CV00461, 2016 WL 8674644, at *4 (N.D. Ohio July 8, 2016) (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012)).  Here, Mr. Troicky's interests are squarely aligned with the Class and not antagonistic in anyway.  His substantial financial interest ensures that he will remain fully dedicated to fulfilling his fiduciary duties in seeking to maximize any potential recovery on behalf of the Class.  *See* Declaration, ECF No. 21-6.  Further, Mr. Troicky has selected highly qualified counsel as his proposed Lead Counsel for the Class, and his previous litigation experience has well-prepared him for the task of monitoring his choice of counsel throughout the litigation.  *See id.*

Mr. Troicky therefore satisfies the typicality and adequacy requirement of Rule 23.  Because he has also claimed the largest financial interest, he is the presumptive "most adequate plaintiff" under the PSLRA.  15 U.S.C. 78u-4 § (a)(3)(B)(iii)(I).

### C.      Mr. Troicky Has Retained Highly Qualified Counsel

Mr. Troicky also respectfully requests that in addition to appointing him as Lead Plaintiff, that the Court approve his selection of Labaton Sucharow as Lead Counsel for the Class.  *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 3:16-cv-1106, 2017 WL 5759361, at *9 (N.D. Ohio Nov. 28, 2017) (noting the "most adequate plaintiff 'shall, subject to the approval of the court, select and retain counsel to represent the class'") (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)); *see also  ViewRay*, 2019 WL 6914774, at *3 (approving lead plaintiff's selection of lead counsel); *Goodyear*, 2004 WL 3314943, at *7 (same).  Labaton Sucharow is one of the preeminent securities class actions firms in the country, having achieved historic settlements on behalf of aggrieved investors for decades.  *See* Labaton Sucharow Firm Resume, ECF No. 21-7.  Moreover, if appointed as Lead Counsel, Carol C. Villegas and Christine M. Fox, two of the firm's most successful and respected litigators, will serve as the lead attorneys in litigating the Consolidated

6

Action.[5]  *See* Biographies of Carol C. Villegas and Christine M. Fox, attached as Exhibit A to the Supplemental Declaration of Francis P. McConville.  The Court can be rest assured that should Mr. Troicky's selection of counsel be approved, the Class will receive the highest caliber of representation.

## II.    ALL COMPETING MOTIONS SHOULD BE DENIED

The lead plaintiff review process mandated by the PSLRA is a sequential one, meaning the first movant to satisfy the statutory criteria of unrebutted "most adequate plaintiff" is entitled to appointment.  As articulated by the Ninth Circuit:

> [T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

*Cavanaugh*, 306 F.3d at 730 (emphasis in original) (footnote omitted); *see also FirstEnergy*, 2020 WL 6873421, at *14 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is ***entitled to lead plaintiff status*** . . . .") (quoting *Cavanaugh*, 306 F.3d at 732).  As the unrebutted presumptive PSLRA Lead Plaintiff in this case, the Court's inquiry should begin and end with Mr. Troicky.  All competing motions should be denied.

### CONCLUSION

For the foregoing reasons, Mr. Troicky respectfully requests the Court grant his Motion and enter an Order: (1) appointing Mr. Troicky as Lead Plaintiff, (2) approving Mr. Troicky's selection of Labaton Sucharow as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

---

[5]    *See FirstEnergy*, 2020 WL 6873421, at *12 (noting approval of diverse lead counsel leadership team).

DATED:  June 1, 2021

Respectfully submitted,

/s/ Francis P. McConville

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
David J. Schwartz
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff George Troicky and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for George Troicky*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ *Francis P. McConville*
Francis P. McConville