**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

|  |  |
|---|---|
| MATTHEW RICO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., STEPHEN S. BURNS, RICH SCHMIDT, and JULIO RODRIGUEZ,<br><br>Defendants. | Case No.: 4:21-cv-00616-PAG<br><br>Chief Judge Patricia A. Gaughan<br><br>**CLASS ACTION** |

**REPLY MEMORANDUM OF LAW OF MOVANTS DANIEL TAVARES AND GLOBESTAR SYSTEMS INC. IN FURTHER SUPPORT OF THEIR LEAD PLAINTIFF MOTION**

Lead Plaintiff Movants Daniel Tavares and Globestar Systems Inc. ("Movants" or "Mr. Tavares and Globestar") respectfully submit this reply in further support of their lead plaintiff motion. Dkt. No. 18.

## ARGUMENT

Competing movant George Troicky ("Mr. Troicky") appears to be the presumptive lead plaintiff, as he has the greatest financial interest of the remaining competing lead plaintiff movants. Dkt. No. 21-4. However, if the Court should refuse to appoint Mr. Troicky as lead plaintiff, then the Court should appoint Mr. Tavares and Globestar as lead plaintiffs as they have the second largest financial interest after Mr. Troicky and are typical and adequate.

1

## A.  MR. TAVARES AND GLOBESTAR HAVE THE SECOND LARGEST FINANCIAL INTEREST

Mr. Tavares and Globestar have the second largest financial interest.  If this Court refuses to appoint Mr. Troicky lead plaintiff, then Mr. Tavares and Globestar would be the presumptive lead plaintiffs as they have the next largest financial interest with losses of $853,492.22.  *See St. Clair Cty. Employees' Ret. System*, 2019 WL 494129, *4 (M.D. Tenn. 2019) ("This Court has forged a middle path by acknowledging the potential relevance of the first three *Olsten-Lax* factors, but giving the fourth factor the greatest weight."); *Blitz v. AgFeed Indus., Inc.,* 2012 WL 1192814, at *7-8 (M.D. Tenn. Apr. 10, 2012).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.,* 2005 WL 627960 *4 (N.D. Ill. Mar. 15, 2005).

Mr. Tavares and Globestar lost $853,492.22 in connection with their purchases of Lordstown securities.  Competing movant Ashith Pabbathi ("Mr. Pabbathi") lost $657,924.32 in connection with his purchases of Lordstown securities. Therefore, Mr. Tavares and Globestar have a larger financial interest than Mr. Pabbathi in the event the Court should find that Mr. Troicky should be rejected as a lead plaintiff.

## B.  MR. TAVARES AND GLOBESTAR ARE ADEQUATE

Mr. Tavares and Globestar have made the preliminary showing of adequacy and typicality required by the PSLRA by submitting sworn certifications under the PSLRA.  Dkt. No. 18-5; *See generally* Dkt. No. 18-2.  Further, as explained in his opening papers, Mr. Tavares is the Chairman of the Board of Globestar.  Dkt. Nos. 18-2 at 12, 18-5.

Mr. Pabbathi has failed to rebut the presumption in favor of Mr. Tavares and Globestar with the requisite "proof" that Movants are inadequate or atypical.   15 U.S.C. §78u-

4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir.2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

Mr. Pabbathi advances several arguments in opposition—none of which are meritorious. First, Mr. Pabbathi asserts that Mr. Tavares and Globestar "failed to evince its standing and authority." Dkt. No. 37 at 3.  Mr. Pabbathi asserts that Mr. Tavares "did not provide any evidence or authority suggesting he has the ability to bring litigation on behalf of Globestar or otherwise bind this artificial entity." *Id.* at 4.  This argument is without merit.  Mr. Tavares signed a certification under the penalty of perjury that he is the Chairman of the Board of Globestar and that he has been authorized by Globestar to sign the certification on its behalf. Dkt. No. 18-5.  Such signed certifications constitute "evidence or authority" suggesting Mr. Tavares "has the ability to bring litigation on behalf of Globestar" and bind Globestar. *See*, *Khunt v. Alibaba Group Holding Ltd.*, 102 F.Supp.3d 523, 538 (Finding a supplemental certification explaining movant had authority to execute certification on behalf of entity sufficient where initial certification did not explicitly state that movant had the authority to execute the certification on behalf of the entity.)

In addition, Mr. Pabbathi claims there is "no indication in Ontario's public records that Daniel Tavares has any actual authority to bind Globestar." Dkt. No. 37 at 9.  Mr. Pabbathi erroneously attempts to use absence of evidence as evidence of its absence.  Mr. Pabbathi is correct that David and Anna Tavares are listed as Directors of Globestar and that David Tavares passed away earlier this year.  However, they fail to mention that David and Anna Tavares are Mr. Tavares' parents.  Additionally, upon his father's death, Mr. Tavares was elected as Chairman of the Board at a shareholder meeting.  As indicated in the certifications signed under

3

penalty of perjury, Mr. Tavares is the Chairman of the Board of Globestar and does have authority to represent Globestar in this litigation.

Furthermore, Mr. Pabbathi's assertion that Mr. Tavares and Globestar "provided no information about themselves in their Lead Plaintiff motion" is of no issue and facially untrue. *Id.* Courts do not require a lead plaintiff movant to submit personal background information about themselves to be appointed lead plaintiff. *Kaslingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality); *see also Cavanaugh*, 306 F.3d at 732 ("a straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made ... further inquiry must focus on that plaintiff alone and be limited to determining whether [s]he satisfies the other statutory requirements."). Courts generally require background information only when lead plaintiff movants attempt to form groups of unrelated investors as lead plaintiff. *See, Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008).

In any event, in their opening brief, Mr. Tavares and Globestar explain, "Movant Daniel Tavares ("Mr. Tavares") is the Chairman of the Board of Globestar Systems Inc., an enterprise software company. Mr. Tavares has been investing for 30 years and holds a degree from a university." Dkt. No. 18-2 at 12. This also undermines Mr. Pabbathi's argument that Mr. Tavares and Globestar have not "made any showing that they have the experience or sophistication to lead this action." Dkt. No. 37 at 10. Mr. Tavares and Globestar are adequate lead plaintiff movants and would endeavor to protect the interests of the class members.

## CONCLUSION

For the foregoing reasons, Mr. Tavares and Globestar's motion should be granted in its entirety and the competing motions should be denied if the court does not appoint Mr. Troicky lead plaintiff.

Dated: June 8, 2021          Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

By: */s/ James B. Rosenthal*
James B. Rosenthal (0062872)
3208 Clinton Avenue
One Clinton Place
Cleveland, Ohio 44113
Telephone: (216) 815-9500
Fax: (216) 815-9500
jbr@crklaw.com

*Liaison Counsel for Daniel Tavares and*
*Globestar Systems Inc.*

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Daniel Tavares and*
*Globestar Systems Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ James B. Rosenthal*