# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | Sept. 16, 2021 |

Title     Karma Automotive LLC v. Lordstown Motors Corp. et al

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present             Not Present

**Proceedings:**    **[IN CHAMBERS] Order Regarding Motions for Preliminary Injunction and Sanctions**

Before the Court are the following motions.

First, Plaintiff Karma Automotive LLC ("Karma") moved for a preliminary injunction. Dkt. Nos. 129 and 130 (sealed). Defendant Lordstown Motor Corporation ("Lordstown"), and the other Named Defendants[1], oppose the motion. Dkt. No. 138. Karma then filed its reply. Dkt. No. 148.

Second, Karma also moved for sanctions for spoliation of evidence. Dkt. No. 133. Lordstown and the other Named Defendants oppose the motion. Dkt. No. 141. Karma then filed its reply. Dkt. No. 149.

For the following reasons, the Court **DENIES** the motion for preliminary injunction and **DENIES** in part and **GRANTS** in part the motion for sanctions for spoliation of evidence. The Court also VACATES the September 20, 2021 hearing. L.R. 7-15.

---

[1]Defendants Steve Burns, Roger J. Durre, Hong Xin Huan, Dan Zhihong Huang, Christopher Kim, John Lefleur, Lordstown Motors Corp., Darren Post, Steven Punak, Punak Engineering, Inc, Bei Qin, Rich Schmidt.

Case 8:20-cv-02104-JVS-DFM Document 168-6 Filed 10/14/21 Page 2 of 12 Page ID #:11381

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | | Date | Sept. 16, 2021 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al | | | |

## I. BACKGROUND

### 1. Trade Secret Theft

The following background is drawn from Karma's complaint and other documents admissible for a preliminary injunction.[2]

Karma and Lordstown both manufacture electric vehicles. Dkt. No. 72 ¶ 1. In an attempt to get a vehicle to market, Lordstown entered into a five-month due diligence period with Karma's engineering and project management staff, all of which Karma's alleges was a ruse to poach Karma employees and steal its confidential information and trade secrets. Id. ¶¶ 2-5. It entered into this agreement in February 2020. Elley Decl. ¶ 10. Throughout the spring and summer of 2020, various employees of Karma left the company and took certain trade secrets with them to Lordstown. Id. ¶¶ 32-43.

Lordstown then pulled out of the deal at the last minute. FAC ¶ 7. Shortly before pulling out of the agreement, Lordstown also hired employees who, from at least July 2020 to September 2020, were employees of both Karma and Lordstown. Elley Decl. ¶¶ 32-33. As a result of Lordstown's actions, much of Karma's source code is now contained in Lordstown's infotainment systems, as well as other technical specifications too. Gudmundsson Decl. ¶¶ 24-36. While the Court does not summarize each of the trade secrets here, Karma seeks a preliminary injunction on five of its core trade secrets: (1) the technical specification for Karma's vehicle power moding system, (2) the EE architecture used in Karma's vehicles, (3) the source code and related specifications underlying Karma's infotainment system, (4) Karma's proprietary Product Development System ("KPDS"), and (5) Karma's Bills of Materials including the component-part and procurement data for the manufacture of each part of Karma's vehicles. Dkt. No. 130-1 at 6.

---

[2]"[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Therefore, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings. See, e.g., Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc); Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | Sept. 16, 2021 |

| | |
|---|---|
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al |

## 2.     Spoliation of Evidence

Karma filed suit on October 30, 2020, naming Lordstown, Joe Durre, and George Huan as defendants.  Dkt. No. 1.  Lordstown was served the following day.  Dkt. No. 19.

Durre received notice of the lawsuit on October 31, 2020, and deleted information from his external hard drive "immediately."  Dkt. No. 133-2 at 110:9-22 ("Durre Depo.").  Specifically, he deleted from a Western Digital hard drive and a SanDisk dual drive, id. at 110:23-25, essentially reformatting the later to wipe its contents, id. at 111:1-25.  While Durre could not recall specifically what was on the disk, he deleted whatever was on it.  Id. at 224:9-10.  Subsequent analyses of Durre's computer revealed that he accessed over 100 files pertaining to Karma.  Dkt. No. 133-3 ¶ 14.

Huan deleted information from his SSD Card "[s]omewhere around November 1st, November 2nd."  Dkt. No. 113-2 at 25:10-12 ("Huan Depo.").  He did so after he became aware of the lawsuit against Lordstown.  Id. at 25:16-19.  As to Huan, the SSD Card contained information, some of which belonged to Karma.  Id. at 131:10-12.  It also included personal information as well.  Id.  Subsequent analyses of Huan's computer revealed that he "potentially had a copy of all this data [referring to his various drives] located on his external drive."  Dkt. No. 133-3 ¶ 26.

## II.  LEGAL STANDARD

## 1.     Preliminary Injunction

On an application for a preliminary injunction, the plaintiff has the burden to establish that  (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).

In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th

Case 2:24-cv-00461-MSD-RMD Document 68-6 Filed 10/14/21 Page 4 of 12 PageID# 662
Case 8:20-cv-02104-JVS-DFM Document 136 Filed 10/14/21 Page 4 of 11 Page ID
#:11383

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-02104-JVS-DFMx                        Date    Sept. 16, 2021

Title    Karma Automotive LLC v. Lordstown Motors Corp. et al

Cir. 2011).

## 2.    Sanctions on the Basis of Spoliation

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009). A party that has despoiled evidence can be sanctioned by a district court under two sources of authority: "the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006) (internal quotations and citations omitted). In this case, Defendants have not asserted that Defendants failed to obey a discovery order. Accordingly, this Motion relies on the Court's inherent authority to levy sanctions.

The obligation to preserve relevant evidence attaches when litigation is "pending or reasonably foreseeable." Sunrider Corp. v. Bountiful Biotech Corp., 2010 WL 4590766, at *29 (C.D. Cal. Oct. 8, 2010) (citing Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)); see also United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002) (finding no spoliation because the defendant was not on notice of a "future, specific" lawsuit). Courts in the Ninth Circuit generally agree that this duty is triggered "[a]s soon as a potential claim is identified." Apple, Inc. v. Samsung Elecs Co., 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) (citations omitted). This duty to preserve extends to evidence that parties knew or should have known was relevant or may be relevant to future litigation. Kitsap, 314 F.3d at 1001; Sunrider Corp., 2010 WL 4590766, at *29; see also Wm. T. Thompson v. Gen. Nutrition Corp., 593 F. Supp. 1443, 1455 (C.D. Cal. 1984.) ("Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information."). Notably, a finding of bad faith is not required to justify a spoliation sanction. Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-02104-JVS-DFMx                    Date    Sept. 16, 2021

Title    Karma Automotive LLC v. Lordstown Motors Corp. et al

### III. DISCUSSION

### 1.    Motion for Preliminary Injunction

Courts have found that a "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1377 (9th Cir. 1985). "To be entitled to injunctive relief, it is not sufficient that plaintiff demonstrate a likelihood of success on the merits of its claims. Plaintiff must also demonstrate a likelihood that absent the injunction, it will be irreparably harmed by defendant's alleged infringing conduct." CytoSport, Inc. v. Vital Pharms., Inc., 617 F. Supp. 2d 1051, 1080 (E.D. Cal.), aff'd, 348 F. App'x 288 (9th Cir. 2009)

Karma argues that it will suffer irreparable harm through the misappropriation of its trade secrets. Dkt. No. 130-1 at 21 (sealed). In support of its motion, it analogizes to two Northern District of California cases, WeRide Corp. v. Kun Huang, 379 F. Supp. 3d 834, 853 (N.D. Cal. 2019), modified in part, No. 5:18-CV-07233-EJD, 2019 WL 5722620 (N.D. Cal. Nov. 5, 2019) and Waymo LLC v. Uber Techs., Inc., No. C 17-00939 WHA, 2017 WL 2123560, at *11 (N.D. Cal. May 15, 2017), for the proposition that where, as here, a specific market is at an inflection point, it is appropriate to issue a preliminary injunction to protect its trade screts. Id at 22-23. It also adds that the motion is appropriate now given that Lordstown is likely to "begin producing vehicles containing Karma's trade secret information in the next few months." Id. at 23 (citing Coleman Decl. ¶ 4). Karma adds in its reply that Lordstown's trade secret use constitutes per se irreparable harm, regardless of whether the industry involved is nascent. Dkt. No. 148-1 at 22-23. It adds that the two companies' products do compete or will eventually compete, noting the"possibility that the companies might become competitors in the future. . .." Id. at 23 (citing Dkt. No. 138-2 at 80:17-81:4).

In response, Lordstown asserts that Karma will not suffer any irreparable harm. First, it argues that the only evidence demonstrating any possibility of irreparable harm are a three-month-old article and a generic statement about the growth of the market as a whole, neither of which demonstrates the threat of irreparable harm. Dkt No. 138-1 at 19-20 (sealed). Second, it argues that while it participates in the same market as Karma, its products are differentiated and they are not competitors. Id. at 20 (citing Elley Depo., Ex. A at 79:19-81:15; Gudmundsson Depo., Ex. B, at 92:6-93:13, 94:12-21). Third,

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-02104-JVS-DFMx                    Date    Sept. 16, 2021

Title    Karma Automotive LLC v. Lordstown Motors Corp. et al

Lordstown notes that Karma delayed in bringing its motion and therefore is likely not to suffer any irreparable harm as a result. Id. at 20-21. This is especially true, according to Lordstown, because the Court granted Karma a temporary restraining order to enable it to file a preliminary injunction motion, but waited ten months to do so. Id. at 21.

The Ninth Circuit has not reached the question of whether a court may presume irreparable harm in trade secret cases. As a result, some courts have held there is no presumption and others have held there is where proprietary information is misappropriated. See Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc., No. 19-CV-4162-SBA, 2021 WL 1186335, at *10 (N.D. Cal. Mar. 1, 2021) (finding that although the Ninth Circuit has not held one way or the other "courts within this District have consistently reached the conclusion that a plaintiff 'will suffer irreparable harm if its proprietary information is misappropriated.'"); but see Zendar Inc. v. Hanks, No. 20-CV-03391-JSW, 2020 WL 4458903, at *5 (N.D. Cal. May 27, 2020) (finding that "the Court is not persuaded that a presumption of irreparable harm is appropriate" given the Ninth Circuit's rejection of finding presumption of irreparable harm in copyright infringement cases).

Nonetheless, the Court finds that Karma's delay in bringing this motion negates the likelihood that it would suffer irreparable harm absent a preliminary injunction. See Miller v. Cal. Pac. Med. Ctr., 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."). Almost ten months have passed since the Court first denied Karma's TRO. Such a delay demonstrates a lack of any irreparable harm. iFreedom Direct Corp. v. McCormick, No. SACV16470JLSKESX, 2016 WL 9049647, at *4 (C.D. Cal. June 15, 2016), aff'd, 662 F. App'x 550 (9th Cir. 2016) (finding that a ten-month delay in filing motion for preliminary injunction demonstrated lack of any irreparable harm); see also Playboy Enters. v. Netscape Communs. Corp., 55 F. Supp. 2d 1070, 1080, 1090 (C.D. Cal. 1999) (finding that five-month delay in filing motion for preliminary injunction demonstrated lack of any irreparable harm); Hanginout, Inc. v. Google, Inc., 54 F. Supp. 3d 1109, 1132–33 (S.D. Cal. 2014) (suggesting that a seven-month delay weighs against a finding of irreparable harm). While Karma proffers some basis for the Court to consider that it only now realized the true extent of the trade secret misappropriation via the discovery it has so far propounded, see Gudmundsson Decl. ¶¶ 30-36, for example, Karma offers no argument as to why this discovery should constitute an excuse for its delay in bringing the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:20-cv-02104-JVS-DFMx                    Date   Sept. 16, 2021

Title      Karma Automotive LLC v. Lordstown Motors Corp. et al

Karma also fares no better with an article from May 24, 2021, cited as evidence in support of its argument that it will suffer irreparable harm, or its argument in reply concerning Lordstown's internal production schedule, Dkt. No. 148-1 at 23 (citing Dkt. No. 129-3 ¶ 6, Ex. 3). The article, which is corroborated by Lordstown's internal production schedule, notes that Lordstown will begin production of its Endurance vehicle in late September. See Coleman Decl, Ex. 3. First, this article is dated, and Karma offers little argument for why the Court should find an irreparable harm when it failed to file the motion soon after this information came to light. Second, the article, read in its entirety, demonstrates that Karma may not suffer an irreparable harm. The article discusses how Lordstown's stock value has tumbled, that it "encountered some challenges" in producing the Endurance, and that it would cut production from 2,200 vehicles to 1,000 vehicles this year. Coleman Decl., Ex. 3.

As such, the Court finds that Karma has not demonstrated that it will suffer an irreparable injury (and indeed, even under the aforementioned sliding scale, it must demonstrate some irreparable harm, see Alliance for the Wild Rockies, 632 F.3d at 1134-35) and **DENIES** its motion for preliminary injunction on that ground.

**2.     Sanctions for Spoliation of Evidence**

Through its motion for sanctions for spoliation of evidence, Karma seeks the following default judgments:

1.     A default judgment against Roger J. Durre on Counts 1, 2, 3, 4, 5, 16, 17, 18, 19, 22, 24, 25, 26, and 27.
2.     A default judgment against Hong Xin Juan on Counts 1, 2, 3, 4, 6, 16, 17, 18, 19, 24, 25, 26, and 28.
3.     A default judgment against Lordstown on Counts 1, 3, 4, 13, 14, 15, 17, 20, 21, 22, 23, 24, and 27.

Dkt. No. 133.

Karma argues that terminating sanctions are appropriate given that these Defendants were obligated to preserve evidence as soon as they learned of the potential claims, but nonetheless purposefully deleted that evidence. Dkt. No. 133-1 at 6 (citing Ex. 1-A at 110:9-19; Ex. 1-B at 131:13-24). This duty extended to Lordstown, which

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-02104-JVS-DFMx | Date | Sept. 16, 2021 |

| | |
|---|---|
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al |

was also obligated to preserve evidence by instituting a litigation hold (but did not). Id. at 7. Karma also asserts that Defendants did so with a culpable state of mind, as negligence is all that is required to prove culpability here (which is demonstrated by Durre and Huan wiping their hard drives after receiving notice of the complaint). Id. at 8-9. Even if that were insufficient, Karma cites to Durre's admission that he wiped information from his hard drive so that it would not be recoverable during discovery. Id. at 10 (citing Ex. 1-A at 112:4-21). Karma argues that this evidence was also relevant to Karma's claims in this case, even though it is now impossible for it to fully identify what was destroyed. Id. at 11-12. As such, the Court should impose terminating sanctions against Lordstown because the Defendants here "obscured the factual predicate of this case: namely, what exactly Defendants Durre and Huan did with highly confidential documents that they retained after their resignation from Karma, while they worked for [Lordstown]." Id. at 15. The remaining factors favor Karma as well, given that the information was relevant (i.e., what Lordstown did with the misappropriated trade secrets), and has significantly prejudiced Karma's ability to prosecute the case. Id. at 15-16. Karma also addresses a number of Lordstown's arguments in its reply. Dkt. No. 149.

Lordstown advances a number of arguments in response. First, it argues that Karma cannot demonstrate that any relevant evidence was lost, as it even acknowledges that it has recovered much of the information that Durre and Huan deleted. Dkt. No. 141 at 9. To the extent that Karma relies upon the contents of 94 documents that it cannot identify based on the list of file names and other metadata, Karma also fails to show that this information cannot be recovered from other sources. Id. Second, terminating sanctions are inappropriate given that neither Durre nor Huan acted in bad faith, id. at 12-13, and neither the public's interest in an expeditious resolution nor the Court's need to manage its docket favor a default judgment, id. at 15-16. Lordstown also notes that Karma has not been prejudiced, and that less drastic sanctions would suffice. Id. at 19.

First, the Court agrees with Karma that spoliation has occurred. To determine whether spoliation has occurred, courts employ a three-part test: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Zubulake, 220 F.R.D. at 220. Here, it is undisputed that certain records were destroyed, and the Court also agrees with Karma that the records were destroyed with a sufficiently culpable state of mind and that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:20-cv-02104-JVS-DFMx                    Date  Sept. 16, 2021

Title     Karma Automotive LLC v. Lordstown Motors Corp. et al

evidence was also relevant.  Defendants were under a duty to preserve these documents once they became aware of the complaint against them.  In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).  They then intentionally deleted information from their respective devices.  Durre Depo. at 110:15-112:21; Huan Depo. at 25:2-19.  Such intentional acts are sufficient to establish a culpable state of mind. See Leon v. IDX Sys. Corp., No. C03-1158 P, 2004 WL 5571412, at *4 (W.D. Wash. Sept. 30, 2004), aff'd, 464 F.3d 951 (9th Cir. 2006); see also Sherwin-Williams Co. v. JB Collision Servs., Inc., No. 13cv1946–LAB(WVG), 2015 WL 4077732, at *4 (S.D. Cal. July 3, 2015); Cottle-Banks v. Cox Commc'ns, Inc., No. 10cv2133–GPC(WVG), 2013 WL 2244333, at * 14 (S.D. Cal. May 21, 2013).  Finally, the Court agrees that the evidence was likely relevant, in some fashion, to Karma's claims.  To the extent that relevance is impossible to tell, Lordstown bears the burden of proof to show it was irrelevant.  Hynix Semiconductor, Inc. v. Rambus Inc., 591 F. Supp. 2d 1038, 1060 (N.D. Cal. 2006).

However, considering the degree of fault, prejudice to Karma, and the availability of lesser sanctions, the Court finds that terminating sanctions are inappropriate.  Nursing Home Pension Fund v. Oracle Corp., 254 F.R.D. 559, 563 (N.D. Cal. 2008) (quoting Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994)) (courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim"). While the Court may consider a number of factors in determining whether to apply terminating sanctions, Leon, 464 F.3d at 958, the "key factors" are prejudice to the other party and the availability of lesser sanctions. Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 524 (9th Cir. 1997)

First, as to prejudice, the Court finds that Karma has not been prejudiced to the extent that it would be unable to prosecute its case.  The information deleted falls into two buckets – metadata and 94 missing documents.  First, some of the metadata has been produced to Karma (or will be).  Kelley Decl. ¶ 23; see also id. ¶¶ 12-13. 16-18.[3]

---

[3]The Court acknowledges Karma's argument in its reply, noting that the metadata was deleted "the metadata showing the time that those files were last accessed, modified, or used was changed to the exact date and time that Durre deleted them.").  Dkt. No. 149 at 7.  However, the Court is now presented with conflicting testimony and argument concerning the actual availability or existence of this data, which militates against granting the most drastic sanctions available.  Karma essentially asks that the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:20-cv-02104-JVS-DFMx                    Date  Sept. 16, 2021

Title      Karma Automotive LLC v. Lordstown Motors Corp. et al

Lordstown has also seemingly abided by its discovery obligations, producing voluminous files and records in the course of discovery.  Durre Decl. ¶¶ 17-18.  Second, Lordstown has recovered (and produced) approximately a third of the missing 94 documents (and additional documents are likely to also be recovered).  Kelley Decl. ¶¶ 26-27.  To the extent that the 94 documents deleted by Durre and Karma (see Kunkel Decl. ¶ 20) prove so relevant that Karma is unable to prosecute its case, the Court finds that Karma has not made such a showing now.

Second, as to the availability of less drastic sanctions, district courts may employ a variety of different sanctions in response to the spoliation of evidence, including monetary sanctions, evidentiary sanctions, civil contempt sanctions, and default judgment.  See In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006).  However, terminating sanctions are a severe remedy, and should be imposed only in extreme circumstances.  In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (quotation omitted).

Less drastic sanctions than granting Karma's request for a default judgment against Lordstown, Durre, or Huan are available and sufficient.  While evidence of bad faith is not required to impose sanctions (indeed, willfulness or fault by the offending party suffices),  Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir.1988), spoliation sanctions should be "commensurate to the spoliating party's motive or degree of fault in destroying the evidence." Cottle-Banks., 2013 WL 2244333, at *13 (quoting Apple, 888 F. Supp. 3d at 992-93).  "A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in  response to the destruction or spoliation of relevant evidence," which includes the power "to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior." Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir.1993) (citing Akiona v. United States, 938 F.2d 158 (9th Cir.1991)); accord Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., 306 F.3d 806, 824 (9th Cir.2002).

The Court does not take Karma's accusations or Lordstown's actions lightly.

---

Court resolve a dispute of fact, i.e., what documents or data are available to it now, in awarding it terminating sanctions.  The Court likewise declines to award the most drastic sanctions in a situation involving a "battle of the experts" like the on where, where the Kelley and Kunkel declarations differ considerably.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-02104-JVS-DFMx | Date | Sept. 16, 2021 |
|---|---|---|---|

| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al |
|---|---|

However, the Court finds that a jury instruction permitting, but not requiring,[4] the jury to draw an adverse inference is an appropriate remedy, having considered the prejudice to Karma here.  As such, the Court **DENIES** Karma's request for terminating sanctions, but **GRANTS** its motion as to whether Lordstown destroyed evidence.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for preliminary injunction and **DENIES** in part and **GRANTS** in part the motion for sanctions for spoliation of evidence.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

---

[4]The Court's final view of the scope of the presumption will likely be guided by the evidence received at trial.