UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: Lordstown Motor Corp. )<br>Securities Litigation ) ) ) ) ) ) ) | CASE NO. 4:21 CV 616<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>**Memorandum of Opinion and Order** |

**INTRODUCTION**

This matter is before the Court upon Plaintiffs' Motion for a Partial Lifting of the PSLRA Discovery Stay Pursuant to 15 U.S.C. § 78u-4(b)(3)(B). This is a securities fraud case. For the reasons that follow, the motion is DENIED.

**ANALYSIS**

Plaintiffs bring this consolidated class action under the Securities Act of 1934, alleging that defendants misrepresented to investors the pre-orders for the Endurance truck. Plaintiffs' claims are subject to the Private Securities Litigation Reform Act ("PSLRA"), which provides that discovery "shall" be stayed during the pendency of a motion to dismiss. 15 U.S.C. § 78u-

1

4(b)(3)(B). The purpose of the automatic stay is to reduce the filing of frivolous lawsuits and to preclude plaintiffs from using the discovery process to bolster otherwise unsustainable claims. *In re First Energy Securities Litigation*, 229 F.R.D. 541, 543 (N.D. Ohio 2004). The statute provides that the stay may be lifted if the movant is able to show that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party. *Id*.

Plaintiffs argue that a partial lifting of the stay is necessary in order to preserve evidence. Plaintiffs point out that defendant Lordstown Motors Corporation ("Lordstown") recently engaged in the spoliation of evidence in a case pending in the Central District of California. In that lawsuit, Karma Automotive, LLC ("Karma") brought suit against Lordstown and two individual employees alleging that defendants engaged in a due diligence period with Karma for the sole purpose of stealing Karma's employees and trade secrets. The trade secret information consisted of source code and technical specifications directed at getting electronic vehicles to market. Within days of being made aware of the lawsuit, the individual defendants intentionally "wiped clean" certain computer drives and deleted information on an SSD card. The court found that defendants spoliated evidence and indicated that it would give a "jury instruction permitting, but not requiring, the jury to draw an adverse inference." The court entered the spoliation order on September 16, 2021.

According to plaintiffs, Lordstown's history of spoliation makes this case rise above the speculative level. Plaintiffs point out that the spoliation occurred just over a year ago. In addition, plaintiffs argue that the documents that Lordstown's employees destroyed relate to the production capabilities of the Endurance. Therefore, those documents would likely be relevant in this lawsuit. In addition, plaintiffs claim that the *Karma* lawsuit demonstrates Lordstown's

willingness to engage in "brazen corporate espionage." According to plaintiffs, they seek to lift the stay only for limited, particularized discovery. Plaintiffs also argue that their complaint is well-supported and is not the type of case that Congress envisioned when enacting the automatic stay provision.

In response, Lordstown argues that the legislative history makes clear that only in exceptional circumstances should the PSLRA's stay provision be lifted. Congress provided one example of such a circumstance–the terminal illness of an important witness. According to Lordstown, the spoliation of evidence by other employees in a different action does not rise to the level of an "exceptional circumstance." Lordstown points out that other courts have found that the spoliation of evidence (even within the same case) does not provide a justification for lifting the stay. Regardless, Lordstown argues that plaintiffs seek broad categories of discovery, rather than the "particularized discovery" permitted under 15 U.S.C. § 78u-4(b)(3)(B).

Upon review, the Court finds that a lifting of the PSLRA's stay provision is not warranted. The Court notes that plaintiffs ask the Court to lift the stay on evidence preservation grounds.[1] In the *Karma* action, two recently hired employees of Lordstown engaged in the intentional destruction of evidence. These individual employees are not defendants in this action. *Karma* involved the theft of trade secrets and bears only tangential relevance to this securities fraud case. Moreover, the court indicated that after the initial destruction, Lordstown

---

[1] The PSLRA also provides that the stay may lifted to prevent undue prejudice. This often arises where third-parties, such as governmental agencies, have access to documents and the plaintiffs' lack of access to those same documents may result in unfair settlement opportunities. Plaintiffs do not argue that the stay should be lifted due to unfair prejudice.

3

"seemingly abided by its discovery obligations, producing voluminous files and records," and was able to recover approximately one-third of the destroyed documents. In order to obtain a lifting of the PSLRA's stay provision, plaintiff must show that "the loss of evidence is imminent as opposed to merely speculative." *The Winer Family Trust v. Queen*, 2004 WL 350181 at *4 (E.D.Pa. Feb. 6, 2004)(citations and quotations omitted). One instance of destruction of evidence by two recently hired employees occurring in a different case over a year ago is not sufficient to show that the loss of evidence is imminent in *this* case.² There is no evidence that Lordstown destroyed documents in any other matter, or engaged in a pattern or practice of destruction. Pursuant to the PSLRA, defendants are automatically subject to a statutory duty to preserve evidence. In addition, defense counsel avers that defendant itself issued a "broad document preservation notice" in connection with this case. Although plaintiffs take issue with the fact that current defense counsel also served as defense counsel in *Karma*, the Court notes that, on the next business day following service on Lordstown, defense counsel in *Karma* instructed employees not to destroy documents and Lordstown's general counsel issued a litigation hold. Based on an isolated instance of spolitation in a trade secrets case, the Court cannot say that a lifting of the PSLRA's stay provision is necessary to preserve evidence here.³

---

² The Court does not find that plaintiffs' allegations of corporate espionage are relevant to the issue at hand. As an initial matter, there has been no finding in *Karma* that Lordstown engaged in corporate espionage. Even if such a finding existed, the PSLRA does not provide a "theft of trade secrets" exception to the discovery stay.

³ The Court also rejects any argument that the stay should not apply because plaintiffs have a well-pleaded complaint that rises above the speculative level. Defendants have filed a motion to dismiss, which is not fully briefed. The Court simpy cannot make such a

The Court notes that Lordstown is willing to submit to a document preservation order in this matter. Although the Court does not find that a lifting of the discovery stay is warranted, the Court finds that, given the conduct in *Karma*, the Court will require defendants to submit to such an order. Defendants are directed to meet and confer with plaintiffs prior to submitting the proposed order to the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for a Partial Lifting of the PSLRA Discovery Stay Pursuant to 15 U.S.C. § 78u-4(b)(3)(B) is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 11/30/21

---

determination without reviewing all of the submissions related to the issue.