**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE LORDSTOWN MOTORS CORP.
SECURITIES LITIGATION

Case No. 4:21-cv-00616 (PAG)

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR**
**JUDICIAL NOTICE**

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT..................................................................................1

II.     LEGAL STANDARD ...........................................................................................2

III.    ARGUMENT ......................................................................................................2

        A.      The Court Should Not Take Judicial Notice of Defendants' Untested
               Denials of Wrongdoing......................................................................3

        B.      The Court should not Take Judicial Notice of Facts Contained in SEC
               Filings That Are Alleged to Be False and Misleading..........................................5

        C.      The Court Should Not Take Judicial Notice of Irrelevant Exhibits ......................6

        D.      In the Alternative, the Court Should Convert the Motion to Dismiss to a
               Motion for Summary Judgment and Deny the Motion as Premature....................8

IV.     CONCLUSION ..................................................................................................8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1st Fed. Sav. & Loan Ass'n of Van Wert v. U.S. Sterling Cap. Corp.*,
  No. 3:04-cv-7726, 2005 WL 548932 (N.D. Ohio Mar. 7, 2005)............................................5

*Bronson v. Bd. of Educ. of the City Sch. Dist. of the City of Cincinnati*,
  687 F.2d 836 (6th Cir. 1982) ...............................................................................................6

*Cece v. Wayne Cnty.*,
  758 F. App'x 418 (6th Cir. 2018) .........................................................................................6

*In re FirstEnergy Corp. Sec. Litig.*,
  316 F. Supp. 2d 581 (N.D. Ohio 2004) .................................................................................2

*Issuer Advisory Grp. LLC v. Tech. Consumer Prods., Inc.*,
  No. 5:14-cv-1705, 2015 WL 458113 (N.D. Ohio Feb. 3, 2015) ........................................5, 8

*McEvoy v. Apollo Glob. Mgmt., LLC*,
  No. 3:17-cv-891, 2020 WL 60132 (M.D. Fla. Jan. 6, 2020) ...................................................8

*Omnicare Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  575 U.S. 175 (2015) .............................................................................................................2

*In re Omnicare, Inc. Sec. Litig.*,
  769 F.3d 455 (6th Cir. 2014) ...............................................................................................2

*Perko v. Ford Motor Co.*,
  No. 5:10-cv-514, 2011 WL 1769098 (N.D. Ohio May 9, 2011) ...........................................8

*Setzer v. First Choice Lending Servs., LLC*,
  No. 18-5192, 2018 WL 7500477 (6th Cir. Sept. 10, 2018)....................................................3

*In re Smith*,
  170 B.R. 111 (Bankr. N.D. Ohio 1994)..................................................................................2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .............................................................................................................2

*United States v. Torres*,
  644 F. App'x 663 (6th Cir. 2016) .........................................................................................3

*Washington v. Kelly*,
  No. 1:05-cv-577, 2007 WL 1875672 (N.D. Ohio June 27, 2007) .........................................6

*Zebari v. CVS Caremark Corp.*,
   No. 16-2612, 2017 WL 7734059 (6th Cir. Nov. 15, 2017) ......................................................3

**Statutes & Rules**

Fed. R. Evid. 201(b) ................................................................................................................. 2, 3, 6

Lead Plaintiff George Troicky ("Lead Plaintiff"), and additional Plaintiffs Daniel Tavares, Globestar Systems Inc., Ashith Pabbathi, and FNY Managed Accounts LLC (together, "Plaintiffs") file this response to Defendants Lordstown Motors Corp. F/K/A DiamondPeak Holding Corp. ("LTM"), Lordstown EV Corporation F/K/A Lordstown Motors Corp., Stephen S. Burns, Shane Brown, Caimin Flannery, David T. Hamamoto, Julio Rodriguez, Rich Schmidt, and Darren Post's request for judicial notice in support of Defendants' motion to dismiss the AC (the "RJN"), ECF No. 70-3.

## I.        PRELIMINARY STATEMENT

Defendants' Motion to Dismiss (ECF No. 70-1) is largely premised on their after-the-fact, self-serving statements and denials.  Asking the Court to take judicial notice does not change the fact that consideration of those materials on a motion to dismiss contradicts settled law in this Circuit and turns both Rule 12 and Fed. R. Evid. 201(c) on their head.  Judicial notice is particularly inappropriate here, where Defendants' motion seeks to introduce material far beyond the four corners of the AC,[1] that Plaintiffs have had no opportunity to test through discovery and that was created by Defendants after the events that are the subject of this Action, is alleged to be false or misleading, or reflects general industry information irrelevant to the specific issues in the present Action.  Seen for what it is — an attempt to try the case on the pleadings based on untested, self-serving, after-the-fact statements —the RJN should be denied.

---

[1] Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint" or "AC") (ECF No. 61).  Capitalized terms not defined herein are as defined in the AC.  Citations to "¶ __" herein refer to paragraphs in the AC.  All emphasis is added unless otherwise noted. The Memorandum of Law In Support of Defendants' Motion to Dismiss (ECF No. 70-1) is cited as "MtD."  Exhibits attached to the Declaration of Douglas W. Greene (ECF No. 70-4), are cited as Green Decl.

## II.     LEGAL STANDARD

Federal Rule of Evidence 201 provides a limited exception to the rule that matters outside the pleadings are not to be considered on a motion to dismiss.  A court may take judicial notice of a fact only if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  While courts can take judicial notice of the *existence* of a document and the statements therein, courts should not consider documents subject to judicial notice for the *truth* of the statements asserted therein.  *See In re Omnicare, Inc. Sec. Litig.,* 769 F.3d 455, 467 (6th Cir. 2014) ("Under [Federal Rule of Evidence 201], we could take notice only of the fact that [defendant] filed the [SEC filing] and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage."); *In re FirstEnergy Corp. Sec. Litig.,* 316 F. Supp. 2d 581, 592 (N.D. Ohio 2004) (striking exhibits in which the defendants urged the Court to accept the truth of the matters asserted therein to decide factual disputes in favor of the Defendants); *In re Smith*, 170 B.R. 111, 117 (Bankr. N.D. Ohio 1994) ("resort to judicial notice does not permit the Court to accept the truth of assertions").[2]

## III.    ARGUMENT

Unable to overcome to strong allegations in the Amended Complaint, Defendants request that this Court take notice of materials which are not susceptible to judicial notice: (1) self-serving,

---

[2] Neither case cited by Defendants in this regard stands for the position that the Supreme Court created a unique exception in securities litigation in which Defendants can introduce **any document they wish** while stating it provides "factual context" on a motion to dismiss.  RJN at 2. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) stands for the now-unremarkable standard that "courts must consider the complaint in its entirety, as well as *other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss*, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Omnicare Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015) merely directed courts evaluating whether a statement is false or misleading to review the specific statement in the context it was given.  Neither case suggests a Court should accept as true a counternarrative manufactured by Defendants under the guise of "context."

after-the-fact statements created by Defendants during the pendency of this litigation and presented to the Court for the truth of the statements contained therein; (2) documents alleged to be false and misleading; and (3) general industry articles unrelated to the matters at issue.  *See* Appendix A hereto, Chart of Materials Outside the Complaint Cited in the *Lordstown* Motion to Dismiss.  None of these documents meet the requirements set forth in Fed. R. Evid. 201(b) for judicial notice.

**A.**      **The Court Should Not Take Judicial Notice of Defendants' Untested Denials of Wrongdoing**

The Court cannot properly take judicial notice of Exhibits 3, 4, 5, 8, 18 and Lordstown Management Corrective Statement which were created by Defendants during the pendency of this litigation and are presented to the Court for the truth of the statements contained therein.  As Rule 201 requires that a fact subject to judicial notice be "readily determined from sources whose accuracy cannot reasonably be questioned," documents created by defendants during the pendency of litigation cannot be subject to judicial notice.  Fed. R. Evid. 201(b).

This Action was filed on March 18, 2021, alleging false and misleading statements by Lordstown.  *See* ECF No. 1.  Thus, a denial of wrongdoing in any document created by Defendants after that date should be rejected as a self-serving denial of the allegations.  *See Zebari v. CVS Caremark Corp.,* No. 16-2612, 2017 WL 7734059, at *4 (6th Cir. Nov. 15, 2017) (denying judicial notice as "[j]udicial notice is only appropriate if 'the matter [is] beyond reasonable controversy") (alternations in original); *Setzer v. First Choice Lending Servs., LLC,* No. 18-5192, 2018 WL 7500477, at *2 (6th Cir. Sept. 10, 2018) (denying judicial notice of a document not "subject to reasonable dispute" ); *United States v. Torres,* 644 F. App'x 663, 671 (6th Cir. 2016) (same).

For example, Green Decl. Exhibit 18 (ECF No. 70-22) is a Lordstown press release, dated June 14, 2021, concerning changes in management.  Defendants cite to the Exhibit for the proposition that "Mr. Burns' and Mr. Rodriguez's resignations in June 2021 came at a logical

moment when Lordstown was transitioning from R&D and early production to a new commercial stage; they do not, in and of themselves, suggest scienter." MtD at 32. But by the time the executives left the Company, there had already been seven complaints filed that accused Messrs. Burns and Rodriguez of wrongdoing just before they left the Company and an internal investigation into the same. Therefore, Defendants' assertions in a press release that there were alternative reasons for the changes in the executive management team were simply public denials of the allegations already asserted in this Action. Contrary to the self-serving statement in Green Decl. Exhibit 18, Defendant Schmidt confirmed that the "resignations" were at least partially the result of the internal investigation. ¶403. Additionally, the notion that the resignations reflected transition from the R&D to production stage is belied by the fact that (i) Burns also resigned as Chairman of the Board, a transition that is not mere change in operational management, reflecting deeper issues, and (ii) Lordstown did not appoint a replacement for Burns for months. ¶245.

Similarly, Defendants extensively quote Green Decl. Exhibit 5, a Lordstown press release, also dated June 14, 2021, concerning the results of the special committee's investigation into the allegations made into the Hindenberg Report, which revealed to the public facts about the alleged fraud in this Action. Indeed, the Motion to Dismiss relies exclusively on Exhibit 5 for an extended discussion into the special committee's findings:

> After months of extensive review, the special committee concluded that the Hindenburg Report's "challenges to the viability of Lordstown Motors' technology and timeline to start production are not accurate." Ex. 5 (6/14/21 PR), at 01. And while it found there were "issues regarding the accuracy of certain statements regarding the Company's pre-orders," it noted that Lordstown "has repeatedly disclosed that its pre-orders are non-binding, and . . . highlighted the risk that pre-orders may not be converted to actual orders," and that it "has obtained tens of thousands of pre-orders from fleets, fleet management companies, or other end users. If converted to orders, this demand will comprise substantially all of the Company's expected production volume through 2022." *Id.* at 02. The special committee also concluded that "[e]ach of [the officer or director stock sales since the merger] were made for reasons unrelated to the performance of the company or viability of the Endurance, and each such

4

director and executive retained substantial [Lordstown] equity holdings" following those transactions. *Id.*

MtD at 9-10; *see also* MtD at 30, n. 59. The only reason that Defendants included this discussion was in hopes that this Court would accept the truth of the contents therein — not to discuss a relevant "disclosure" or provide "context" to the allegedly false statements during the Class Period. The Company's public denial of wrongdoing in Exhibit 5 — which Defendants drafted and released during the pendency of litigation — should be afforded no notice by this Court.

Accepting the truth of the contents Defendants put forward would effectively convert Defendants' motion to dismiss into a motion for summary judgment. *See 1st Fed. Sav. & Loan Ass'n of Van Wert v. U.S. Sterling Cap. Corp.*, 2005 WL 548932, at *1 (N.D. Ohio Mar. 7, 2005). "To do so would be manifestly unfair, in view of the parties' disparate views about basic facts and the lack of any discovery." *See id.*; *Issuer Advisory Grp. LLC v. Tech. Consumer Prods., Inc.*, 2015 WL 458113, at *6 (N.D. Ohio Feb. 3, 2015) ("an obvious factual dispute, on a completely undeveloped record," is "premature").

If Defendants wish to dispute the truth of allegations in the Complaint, they can, and should, file an answer, subject both to the strictures of Fed. R. Civ. P. 11 and to discovery on the disputed facts. Instead, Defendants attempt to circumvent Rule 12(d) by publishing their denials (without oath, affirmation, cross examination, or scrutiny of their contemporaneous records) and then asking the Court to credit those denials on a motion to dismiss. This practice is especially egregious here, where Plaintiffs remain subject to a full PSLRA discovery stay.

**B.** **The Court should not Take Judicial Notice of Facts Contained in SEC Filings That Are Alleged to Be False and Misleading**

Similarly, the Court should not apply judicial notice to credit facts contained in documents alleged to be false and misleading. Although SEC filings often include facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned,"

5

Fed. R. Evid. 201(b), on a motion to dismiss, it is improper for a court to take judicial notice of disputed facts contained within SEC filings, as a "high degree of indisputability is the essential prerequisite" for taking judicial notice under Rule 201.  Fed. R. Evid. 201 advisory committee's note (1972); *Washington v. Kelly*, 2007 WL 1875672, at \*2 (N.D. Ohio June 27, 2007).  Here, where the AC alleges that Lordstown made false and misleading statements, including in SEC filings, the accuracy of the statements is inherently in question and Rule 201's requirement that the facts arise "from sources whose accuracy cannot reasonably be questioned" cannot be met.

Specifically, the Complaint alleges that Green Decl. Exhibits 1, 2, 9, and 16 (ECF Nos. 70-5, 70-6, 70-13, and 70-20) are false and misleading, yet Defendants cite those Exhibits for the truth of the contents therein.  *See* ¶¶249-66, 330-41, 395 (alleging Exhibit 1 is false and misleading); ¶¶270-73, 368-69 (alleging Exhibit 2 is false and misleading); ¶¶278-81, 370 (alleging Exhibit 9 is false and misleading); ¶¶290-91 (alleging Exhibit 16 is false and misleading).  In fact, Exhibits 1 and 2 form the basis of most of Defendants' counter "statement of the case" in the MtD (ECF No. 70-1).  Thus, the Court should not take judicial notice of Exhibits 1, 2, 9, and 16.

**C.**      <u>**The Court Should Not Take Judicial Notice of Irrelevant Exhibits**</u>

Defendants also seek judicial notice for a variety of articles about (i) the electric vehicle and motor vehicle industry generally and (ii) other motor vehicle company's pre-orders (the "Irrelevant Exhibits").  These articles are irrelevant to the actual allegations.  *See Cece v. Wayne Cnty.,* 758 F. App'x 418, 424 (6th Cir. 2018) ("[f]or a court to take judicial notice of a fact, that fact must be relevant to the ultimate issue that the jury must decide" (*quoting United States v. Houston*, 110 F. App'x 536, 545 (6th Cir. 2004)); *see also Bronson v. Bd. of Educ. of the City Sch. Dist. of the City of Cincinnati*, 687 F.2d 836, 839 (6th Cir. 1982) (noting the district court's judicial notice of facts is limited to those facts relevant to the ultimate issue to be decided).

Defendants rely on certain Irrelevant Exhibits to show that there was a need in the electric-vehicle market for a full-sized pickup truck.  MtD at 4.[3]  Plaintiffs have never contended that the electric vehicle industry does not generally present attractive business opportunities.  Rather, Plaintiffs assert that the Defendants made false and misleading statements to give investors a false impression about demand for the Endurance, expected future revenues, and the capabilities and success of Lordstown's sales and production functions.  ¶¶248, 328, 369.  The fact that a market need for electric pickup trucks exists does nothing to rebut the allegations in the Complaint.

Defendants further rely on certain other Irrelevant Exhibits to show that other electric vehicle companies have employed nonbinding pre-orders to measure demand for their vehicles.  MtD at 7.[4]  But Plaintiffs have never contended that nonbinding pre-orders are inherently problematic or that they can never indicate genuine demand.  Instead, Plaintiffs assert Defendants' statements misrepresented the pre-orders, including by claiming (a) the pre-orders were entirely from fleet operators; (b) by inflating the pre-order figure by including supposed pre-orders that were not even backed by nonbinding letters of intent; and (c) misrepresenting the seriousness of the degree of commitment evidenced by the pre-orders.  ¶248.  The Court should thus decline to take judicial notice of the Irrelevant Exhibits.[5]

---

[3] Specifically: Neal E. Boudette, "G.M. Will Sell Only Zero-Emission Vehicles by 2035," *NY Times* (Jan. 28, 2021), *available at* https://www.nytimes.com/2021/01/28/business/gm-zero-emission-vehicles.html;  Neal E. Boudette, "Ford Will Build 4 Factories in a Big Electric Push," *NY Times* (Sep. 21, 2021), *available at* https://www.nytimes.com/2021/09/27/ business/energy-environment/ford-battery-electric-vehicles.html; and Jim Henry, "Best-Selling Cars, SUVs and Pickups of 2021 (To Date)," *Forbes* (Oct. 4, 2020), available at https://www.forbes.com/wheels/news/best-selling-cars-suvs-pickups-2021/.

[4] Specifically: Annie White, "Ford F-150 Lightning Production to Double Thanks to Strong Demand," *Car and Driver* (Aug. 24, 2021), *available at* https://www.caranddriver.com/news/a37384636/ford-f-150-lightning-evproduction-increase/; Chris Paukert, "Tesla Cybertruck preorders 'well over half a million,' ElonMusk says," *Road/Show* (Sep. 23, 2020), *available at* https://www.cnet.com/roadshow/news/tesla-cybertruck-reservation-elon-musk/; Tesla, "Order Cybertruck," https://www.tesla.com/cybertruck/design; Ford, "Reserve Your F-150 Lightning, Online Reservation FAQs," *available at* https://www.ford.com/trucks/f150/f150lightning/2022/reservationinformation/#faqs; and Rivian, "About preordering," *available at* https://rivian.com/support/about-preordering.

[5] This Court should likewise not take notice of Defendant Flannery's comments at the Transportation and Innovation Partners event, Wisconsin Clean Cities Electric Vehicles Webinar, Sept. 24, 2020, *available at* https://www.youtube.com/watch?v=yClW0-5RHaA, which Defendants do not include in their Request for Judicial Notice, but nonetheless cite in their Motion to Dismiss.  MtD at 5.  Defendants cite it for the irrelevant position that

7

**D.**      **In the Alternative, the Court Should Convert the Motion to Dismiss to a Motion for Summary Judgment and Deny the Motion as Premature**

If the Court considers the entirety of the record offered by Defendants, it should convert Defendants' motion to one for summary judgment.  *See* Fed. R. Civ. P. 12(b)(6) Cmt. (the Court "***shall***" convert the motion to one for summary judgment and give the parties a reasonable opportunity to conduct discovery); *Perko v. Ford Motor Co.*, 2011 WL 1769098, at *3 (N.D. Ohio May 9, 2011) (converting a 12(b)(6) motion to one for summary judgment when the parties improperly attached materials "outside of the initial pleadings" in support of motion to dismiss); *McEvoy v. Apollo Glob. Mgmt., LLC*, 2020 WL 60132, at *5 (M.D. Fla. Jan. 6, 2020) (converting 12(b)(6) motion on certain issues into motions for summary judgment and providing the parties an opportunity to develop the record "as necessary" and then engage in summary judgment practice).

Therefore, if the Court were to consider Defendants' submission, the Court should convert the motion to dismiss to a motion for summary judgment.  It is black letter law that a motion for summary judgment cannot be made until the parties have had an opportunity to conduct discovery. *See Issuer Advisory Grp. LLC*, 2015 WL 458113, at *6.  Here, there has been no discovery and Plaintiffs have not had the opportunity to develop a record to test a motion for summary judgment, thus, after converting the motion to dismiss, the motion should be denied as premature.

**IV.      CONCLUSION**

For the foregoing reasons, Plaintiffs request the Court deny judicial notice of Green Decl. Exhibits 1- 5, 8-9, 16, 18, the Lordstown Management Corrective Statement and the Irrelevant Exhibits or, in the alternative, convert the Motion to Dismiss into a motion for summary judgment and denying that motion.

---

"one of the first things Lordstown did after formation was commission a detailed analysis from Ernst & Young regarding the likely market for a full-sized electric pickup targeted at fleets" and Plaintiffs allege that other portions of Defendants Flannery's comments that day were false and misleading. *Id.*; ¶¶274-75.

8

DATED:  January 17, 2022

**LABATON SUCHAROW LLP**

By: */s/ Carol C. Villegas*

Carol C. Villegas (admitted *pro hac vice*)
David J. Schwartz (admitted *pro hac vice*)
Jake Bissell-Linsk (admitted *pro hac vice*)
140 Broadway, 34th Floor
New York, NY  10005
Telephone: (212) 907-0700
Email: cvillegas@labaton.com
Email: dschwartz@labaton.com
Email: jbissell-linsk@labaton.com

*Counsel for Lead Plaintiff*
*George Troicky and Lead*
*Counsel for the Class*

**THE SCHALL LAW FIRM**

Brian Schall (*pro hac vice* forthcoming)
Rina Restaino (*pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 60067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Lead*
*Plaintiff George Troicky*

**ENTWISTLE & CAPPUCCI LLP**

Andrew J. Entwistle (admitted *Pro Hac Vice*)
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, TX 78701
Telephone: (512) 710-5960
Email: aentwistle@entwistle-law.com

-and-

Robert N. Cappucci (admitted *Pro Hac Vice*)
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone: (212) 894-7200
Email: rcappucci@entwistle-law.com

*Counsel for Additional Named Plaintiff*
*FNY Managed Accounts LLC*
*and Additional Counsel for the Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Email: steve@hbsslaw.com

Reed R. Kathrein (admitted *pro hac vice*)
Lucas Gilmore (admitted *pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: reed@hbsslaw.com
Email: ucasg@hbsslaw.com

*Counsel for Additional Named Plaintiff Ashith*
*Pabbathi and Additional Counsel for the Class*

[signatures continued on following page]

9

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim (admitted *pro hac vice*)
Daniel Tyre-Karp (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com
Email: dtyrekarp@rosenlegal.com

*Counsel for Additional Named Plaintiffs*
*Daniel Tavares and Globestar Systems Inc.*
*and Additional Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Carol C. Villegas
Carol C. Villegas

**Appendix A**

**Exhibits to Defendants' Motion to Dismiss**

Key:

| |
|---|
| Document is alleged to be false and misleading in the Amended Complaint ("AC"). |
| Document was created by Defendants during the pendency of litigation and presented to the Court for the truth of the statements contained therein. |
| Document is irrelevant to the claims contained in the Amended Complaint. |
| Plaintiffs do not oppose judicial notice of the document for limited purpose of the fact of a disclosure. |
| Plaintiffs do not oppose judicial notice of the document. |

| Exhibit # | Category | Description | Reason Not Subject to Judicial Notice |
|---|---|---|---|
| 1 | SEC Filing | Excerpts from DPHC's Schedule 14A, filed with the SEC on August 3, 2020. | Document alleged to be false and misleading in the AC. |
| 2 | SEC Filing | Excerpts from DPHC's Schedule 14A, filed with the SEC on August 24, 2020. | Document alleged to be false and misleading in the AC. |
| 3 | SEC Filing | Lordstown's Form 8-K and attached press release, filed with the SEC on May 24, 2021. | Document created by Defendants during litigation and presented for truth therein. |
| 4 | SEC Filing | Lordstown's Form 8-K and attached press release, filed with the SEC on October 1, 2021. | Document created by Defendants during litigation and presented for truth therein. |
| 5 | Press Release | Lordstown press release, dated June 14, 2021, concerning the results of the special committee's investigation. | Document created by Defendants during litigation and presented for truth therein. |
| 6 | SEC Filing | Excerpts from Lordstown's 2020 Form 10-K, filed with the SEC on March 25, 2021. | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 7 | Transcript of Earnings Call | A transcript of Lordstown's fourth quarter 2020 earnings call held on March 17, 2021. | Plaintiffs do not oppose judicial notice. |
| 8 | SEC Filing | Lordstown's Form 8-K and attached press release, filed with the SEC on June 17, 2021. | Document created by Defendants during litigation and presented for truth therein. |
| 9 | SEC Filing | Excerpts from DPHC's Schedule 14A, filed with the SEC on October 8, 2020. | Document alleged to be false and misleading in the AC. |
| | | | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 10 | Press Release | Lordstown press release, dated October 23, 2020. | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 11 | SEC Filing | Lordstown's Form 8-K and attached press release, filed with the SEC on November 16, 2020. | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 12 | SEC Filing | Lordstown's Form 8-K, filed with the SEC on December 21, 2020. | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |

| Exhibit # | Category | Description | Reason Not Subject to Judicial Notice |
|---|---|---|---|
| 13 | Press Release | Lordstown press release, dated January 11, 2021. | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 14 | Press Release | Lordstown press release, dated January 28, 2021. | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 15 | SEC Filing | Lordstown's Form 8-K and attached press release, filed with the SEC on March 17, 2021. | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 16 | SEC Filing | Lordstown's Form S-1, filed with the SEC on November 12, 2020. | Document alleged to be false and misleading in the AC. |
| | | | Plaintiffs do not oppose judicial notice of for limited purpose of the fact of a disclosure. |
| 17 | SEC Filing | Form 4 filed with the SEC on behalf of Julio Rodriguez on February 8, 2021. | Plaintiffs do not oppose judicial notice. |
| 18 | Press Release | Lordstown press release, dated June 14, 2021, concerning changes in management. | Document created by Defendants during litigation and presented for truth therein. |
| 19 | Stock Price Chart | Yahoo!Finance's full stock price history for DPHC (now known as RIDE), from its IPO in April 2019 through its merger with Lordstown in October 2020. | Plaintiffs do not oppose judicial notice. |
| | Research Paper | Joshua Mitts, "Short and Distort," Columbia Law & Econ. Working Paper No. 592 (Feb. 13, 2020), *available at* https://ssrn.com/abstract=3198384. | Plaintiffs do not oppose judicial notice. |
| | News Article | Neal E. Boudette, "G.M. Will Sell Only Zero-Emission Vehicles by 2035," *NY Times* (Jan. 28, 2021), *available at* https://www.nytimes.com/2021/01/28/business/gm-zeroemissionvehicles.html. | Document is irrelevant. |
| | News Article | Neal E. Boudette, "Ford Will Build 4 Factories in a Big Electric Push," *NY Times* (Sep. 21, 2021), *available at* https://www.nytimes.com/2021/09/27/business/energyenvironment/fordbattery-electric-vehicles.html. | Document is irrelevant. |
| | News Article | Jim Henry, "Best-Selling Cars, SUVs and Pickups of 2021 (To Date)," Forbes (Oct. 4, 2020), available at https://www.forbes.com/wheels/news/best-selling-cars-suvs-pickups-2021/. | Document is irrelevant. |
| | SEC Published Article | Paul Munter, Acting Chief Accountant, SEC, "Financial Reporting and Auditing Considerations of Companies Merging with SPACs," (Mar. 31, 2021), *available at* https://www.sec.gov/news/public-statement/munter-spac-20200331#ftnref4. | Plaintiffs do not oppose judicial notice. |
| | News Article | Annie White, "Ford F-150 Lightning Production to Double Thanks to Strong Demand," *Car and Driver* (Aug. 24, 2021), *available at* https://www.caranddriver.com/news/a37384636/ford-f-150-lightning-evproduction-increase/. | Document is irrelevant. |
| | News Article | Chris Paukert, "Tesla Cybertruck preorders 'well over half a million,' ElonMusk says," *Road/Show* (Sep. 23, 2020), *available at* https://www.cnet.com/roadshow/news/tesla-cybertruck-reservation-elonmusk/. | Document is irrelevant. |
| | Brand Website Article | Tesla, "Order Cybertruck," https://www.tesla.com/cybertruck/design#battery. | Document is irrelevant. |

| Exhibit # | Category | Description | Reason Not Subject to Judicial Notice |
|---|---|---|---|
| | Brand Website Article | Ford, "Reserve Your F-150 Lightning, Online Reservation FAQs," https://www.ford.com/trucks/f150/f150lightning/2022/ reservationinformation/#faqs. | Document is irrelevant. |
| | Brand Website Article | Rivian, "About preordering," https://rivian.com/support/about-preordering. | Document is irrelevant. |
| | News Article | Mark Kane, "Lordstown Gets Letter of Intent to Buy 250 Endurance Electric Pickups," *InsideEVs* (Feb. 26, 2020), *available at* https://insideevs.com/news/400781/ lordstown-250-endurance pickupsfirstenergy/. | Plaintiffs do not oppose judicial notice. |
| | Congressional Hearing Transcript | Going Public: SPACS, Direct Listings, Public Offerings, and the Need for Investor Protections: Virtual Hearing Before the Subcomm. on Investor Protection, Entrepreneurship, and Capital Markets of the Comm. on Financial Services, 117 Cong. 1, *et seq.* (2021), *available at* https://www.govinfo.gov/content/pkg/ CHRG-117hhrg45078/pdf/CHRG-117hhrg45078.pdf. | Plaintiffs do not oppose judicial notice. |
| | Brand Website Article | Lordstown Management Corrective Statement, *available at* https://investor.lordstownmotors.com/ lordstown-motors-corp-managementcorrective-statement. | Document created by Defendants during litigation and presented for truth therein. |