UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE LORDSTOWN MOTORS CORP. SECURITIES LITIGATION <br><br> ------------------------------------------------------- <br><br> This Document Relates to: <br><br> ALL ACTIONS. | CASE NO.: 4:21-CV-00616 (DAR) <br><br> JUDGE DAVID A. RUIZ <br><br> <u>CLASS ACTION</u> |

**REPLY IN FURTHER SUPPORT OF THE DEFENDANTS'
REQUEST FOR FULL CONTEXT REVIEW AND/OR
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION
<u>TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT</u>**

**ARGUMENT**

Plaintiffs[1] do not (and cannot) dispute that the federal securities laws, as interpreted by the Supreme Court, require the Court to consider the *full context* surrounding each allegedly false or misleading statement, and to weigh the competing inferences drawn *from all of the facts and circumstances* with respect to scienter, in determining the sufficiency of the Consolidated Amended Complaint ("Amended Complaint" or "AC"). *See* RJN 2-4; *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015) (whether a statement is false or misleading "always depends on context" and requires consideration of, among other things, "all its surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry"); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in determining whether plaintiff has pleaded the requisite "strong inference" of scienter).

Indeed, as they must, Plaintiffs concede this settled law in their Opposition to Defendants' Motion to Dismiss. *See* Opp. to Motion to Dismiss (Dkt. # 74) at 18 ("the statements must be considered in context to determine whether they were misleading"); *id.* ("a court must not 'pluck' disclosures out of their context and analyze their truth in a vacuum, but must look at the statements in light of the circumstances and events that create the context in which they were made") (quoting *MJK Fam. LLC v. Corp. Eagle Mgmt. Servs., Inc.*, No. 09-cv-12613 (JF), 2009 WL 4506418, at

---

[1] All defined terms herein take the same meaning as in the Defendants' initial Memorandum of Law in support of their Motion to Dismiss ("Mem."; Dkt. #70-1) and/or Defendants' Request for Full Context Review and/or Judicial Notice in Support of Defendants' Motion to Dismiss ("RJN"; Dkt. #70-3). "Ex. __" refers to the exhibits attached to the Greene Dec. (Dkt. #70-4). Unless otherwise indicated, all internal quotation marks and citations are omitted and emphasis is added.

1

*7 (E.D. Mich. Nov. 30, 2009)); *id.* ("defendant's statements must be viewed as part of a mosaic to see if those statements, in the aggregate, created a misleading impression.") (quoting *SEC v. Fitzgerald*, 135 F. Supp. 2d 992, 1028 (N.D. Cal. 2001)).

But Plaintiffs proceed to argue that the Court should not consider the same documents the securities laws make integral to evaluation of the Amended Complaint. Each of their arguments fails.

### I.    The Court Should Consider and/or Take Judicial Notice of Exhibits 1, 2, 9, and 16

Plaintiffs argue that the Court should not consider the full text of Exhibits 1, 2, 9, and 16[2] because they contain certain of the alleged misleading statements and because Defendants purportedly cite them for the "truth of the[ir] contents." RJN Opp. 5-6. Plaintiffs' arguments are without merit.

As a threshold matter, Plaintiffs' "truth" argument is a red herring. Defendants never asked the Court to accept any statement in any exhibit as true. Instead, the RJN merely seeks to ensure that the challenged statements (and the sufficiency of Plaintiffs' pleadings) are analyzed in their full factual context as the substantive securities laws require. RJN 1-4. Plaintiffs' strawman argument here should be rejected out of hand. *See, e.g., In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014) ("[Defendant] does not request that we consider the documents for the truth of their content. . . . Therefore, we grant [Defendant]'s motion [for judicial notice]").

---

[2] Excerpts from DiamondPeak Holdings Corp.'s ("DPHC") Schedule14A, filed with the Securities and Exchange Commission ("SEC") on Aug. 3, 2020 (Exhibit 1); Excerpts from DPHC's Schedule 14A, filed with the SEC on Aug. 24, 2020 (Exhibit 2); Excerpts from DPHC's Schedule 14A, filed with the SEC on Oct. 8, 2020 (Exhibit 9); Excerpts from Lordstown's Form S-1, filed with the SEC on Nov. 12, 2020 (Exhibit 16).

Moreover, the Court's review of a challenged statement's context does not require any assessment of "truth" to begin with. The context in which a statement is made is an objective and truth-*neutral* inquiry: the documents say what they say. The only thing the Court needs to do is to take that context and objectively assess whether the challenged statement was false or misleading to a reasonable investor in light of it. *Omnicare*, 575 U.S. at 176 ("[W]hether a statement is 'misleading' is an objective inquiry that depends on a reasonable investor's perspective."). Likewise, scienter "cannot be decided in a vacuum" and the Court cannot properly weigh the competing inferences of scienter without considering all of the facts and circumstances. *Tellabs*, 551 U.S. at 323. That does not require the Court to accept as gospel whatever Defendants said or did. But it does require the Court to consider that context when balancing the strength of the scienter inferences. If the Court evaluated Plaintiffs' alleged facts and inferences but ignored the inferences flowing from facts Defendants submitted, it would yield the one-sided pleading-in-a-vacuum that the Supreme Court rejected.

Additionally, Exhibits 1, 2, 9, and 16 are all properly before the Court because they are: (i) incorporated by reference into and integral to the claims of the Amended Complaint; (ii) SEC filings and matters of public record; and (iii) necessary to properly evaluate the sufficiency of the Amended Complaint. RJN 4-13. Plaintiffs cannot seriously dispute that Exhibits 1, 2, 9, and 16 are the types of documents that are appropriate for the Court to consider. They concede that "the Complaint alleges that . . . Exhibits 1, 2, 9 and 16 . . . are false and misleading[.]" RJN Opp. 6 (citing AC ¶¶ 249-66, 270-73, 278-81, 290-91, 330-41, 368-70, 395); *Omnicare*, 769 F.3d at 469 ("[Defendant] notes that the Complaint references or quotes excerpts from these documents and asks us to consider those quotations in their full context. . . . [W]e grant [Defendant]'s motion [for judicial notice] and will consider the quotations in the Complaint in the context of the full

3

documents from which they were taken."); *Plymouth Cty. Ret. Ass'n v. ViewRay, Inc.*, No. 19-cv-2115 (JPC), 2021 WL 3773330, at \*6 (N.D. Ohio Aug. 25, 2021) ("Because the second amended complaint references numerous SEC filings, press conferences, and earnings calls, and they are central to the claims at issue, the Court can consider them without converting the motion to dismiss to one for summary judgment."). And Plaintiffs' implicitly concede that SEC filings are judicially noticeable. RJN Opp. 5; *see also Kugelman v. PVF Cap. Corp.*, 972 F. Supp. 2d 993, 997 (N.D. Ohio 2013) ("In determining a motion to dismiss, the Court may consider matters of public record, including securities filings made with the SEC."). However, contrary to Plaintiffs' assertions, SEC filings *are* judicially noticeable regardless of whether they contain disputed facts or are even referenced in the complaint at all. *See, e.g., Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 447 (W.D. Mich. 2009) ("The extrinsic sources at issue in this motion are matters of public record. . . . The Court may consider these sources, even those containing disputed facts[.]"); *id.* ("SEC filings are matters of public record. . . . [T]hey may be considered, even if not referenced in the pleadings themselves.").

## II. The Court Should Consider and/or Take Judicial Notice of Exhibits 3-5, 8, 18, and the Lordstown Management Corrective Statement

Plaintiffs argue that the Court should not consider the full texts of Exhibits 3-5, 8, 18[3] and the Lordstown Management Corrective Statement because Defendants purportedly cite them for the "truth" of their contents, and because they are documents created after the filing of the original complaint. RJN Opp. 3. Plaintiffs' arguments are without merit. For the reasons stated above, the

---

[3] Lordstown's Form 8-K and attached press release, filed with the SEC on May 24, 2021 (Exhibit 3); Lordstown's Form 8-K and attached press release, filed with the SEC on Oct. 1, 2021 (Exhibit 4); Lordstown press release, dated June 14, 2021 (Exhibit 5); Lordstown's Form 8-K and attached press release, filed with the SEC on June 17, 2021 (Exhibit 8); Lordstown press release, dated June 14, 2021 (Exhibit 18).

Court should reject Plaintiffs' "truth" argument: Defendants present Exhibits 3-5, 8, 18, and the Lordstown Management Corrective Statement purely for the sake of providing the Court with the necessary context to determine the sufficiency of the allegations in the Amended Complaint.

The only other argument Plaintiffs muster is the bare assertion that these exhibits are not judicially noticeable because they are documents created during the pendency of this litigation. RJN Opp. 3. Plaintiffs cite no legal authority for this novel proposition; instead, they cite three inapposite Sixth Circuit decisions—one criminal case and two *pro se* employment cases—for the general rule that under Federal Rule of Evidence 201, a court may only take judicial notice of "a fact that is not subject to reasonable dispute." RJN Opp. 3. But as the Sixth Circuit explained in *Omnicare*—and as Plaintiffs concede—that rule does not prevent a court from taking judicial notice of a document or its content, particularly where, as here, the document's content provides necessary context for evaluating the falsity and scienter allegations in a securities class action complaint. *Omnicare*, 769 F.3d at 467, 469; RJN Opp. 2.

Moreover, Exhibits 3, 4, and 8 are SEC filings subject to judicial notice as matters of public record, *see supra*, making it irrelevant that they were created after the filing of the original complaint. And regardless of when they were created, Exhibits 3, 5, 8, and 18 are incorporated by reference into and integral to the claims of the Amended Complaint. *Embassy Realty Invs., LLC v. City of Cleveland*, 877 F. Supp. 2d 564, 570 (N.D. Ohio 2012) ("[i]n ruling on a motion to dismiss, a court may consider [] any documents attached to, incorporated by, or referred to in the pleadings"). Indeed, Plaintiffs characterize statements from these same documents as revealing the "truth" of the alleged fraud. AC ¶¶ 32, 214-16, 435 (Exhibit 3), ¶¶ 33, 224-29, 435 (Exhibit 5), ¶ 235 (Exhibit 8), ¶¶ 51-52, 230-31 (Exhibit 18); RJN 9-12. Plaintiffs are not entitled to have their cherry-picked excerpts from these documents evaluated in a vacuum. And the fact that these

documents were created after the filing of the *original* complaint is entirely irrelevant given that they are explicitly referenced in and integral to the claims in the *Amended* Complaint (i.e., the *operative* complaint), and were publicly known to investors during the alleged class period (ending July 2, 2021). It is both appropriate and necessary for the Court to evaluate Plaintiffs' pleadings within the full context provided by these documents.

In sum, Exhibits 3-5, 8, 18, and the Lordstown Management Corrective Statement are properly before the Court because they: (i) are incorporated by reference into and integral to the claims asserted in the Amended Complaint; and/or (ii) are SEC filings and matters of public record; and/or (iii) are necessary to properly evaluate the sufficiency of the Amended Complaint. RJN 4-16. Plaintiffs do not oppose the RJN on these grounds and their other arguments fail.

### III. The Court Should Consider and/or Take Judicial Notice of News Articles and other Materials Concerning Electric Vehicle Demand and Industry Practice Regarding Pre-Orders

Plaintiffs' attack on Defendants' citation to various news articles and materials in the Motion to Dismiss is also without merit. Plaintiffs claim these articles and materials are "irrelevant" because Defendants rely on them to show (i) "that there was a need in the electric-vehicle market for a full-sized pickup truck" and (ii) "other electric vehicle companies have employed nonbinding pre-orders to measure demand for their vehicles." RJN Opp. 7. It bears repeating what this case is about: Plaintiffs allege, among other things, that Defendants allegedly "hatched" an "idea to . . . manufacture a new electric pickup truck" and "developed a ***false and misleading*** [] narrative" that "touted a growing book of 'pre-orders' . . . as evidence of demand for the vehicle." AC ¶¶ 1-2 (emphasis in original). The relevance of these articles and materials cannot seriously be questioned.

As a threshold matter, Plaintiffs do not (because they cannot) dispute that news articles may be properly considered and/or are judicially noticeable under the federal securities laws and procedural rules. *See* RJN Opp. 6-7; RJN 4-9, 14-16. Courts in this circuit have found judicial notice of news articles appropriate. *See, e.g., Graham v. Fearon*, No. 16-cv-2366 (PAG), 2017 WL 1113358, at *1 (N.D. Ohio Mar. 24, 2017) (granting request for judicial notice of "publicly available documents" and "news articles," concluding that they "meet the requirements of Federal Rule of Evidence 201"); *see also Waclawski v. Romanowski*, No. 16-cv-10863 (NGE), 2013 WL 607774, at *1 n.1 (E.D. Mich. Feb. 19, 2013) ("A federal court can take judicial notice of information contained in a newspaper article.").

Additionally, Plaintiffs' assertion that the market demand and practices in the electric vehicle industry are "irrelevant" to the allegations in the Amended Complaint strains credulity. Such information is, on its face, relevant to and provides necessary context for the central allegations in the Amended Complaint. The market demand for a full-sized electric pickup truck speaks to the state of the industry in which Defendants operated during the class period and was well known to investors at the time. This includes the fact that full-sized pickups were the best-selling vehicle models in the country in 2021, that there was a consumer trend toward electric vehicles, and that major manufacturers (e.g., Ford and G.M.) were investing billions to develop electric vehicles.[4] This context is both relevant to and necessary for properly evaluating Defendants' challenged statements and mindset related to, among other things, current and

---

[4] *See* Neal E. Boudette, "G.M. Will Sell Only Zero-Emission Vehicles by 2035," NY Times (Jan. 28, 2021), *available at https://www.nytimes.com/2021/01/28/business/gm-zero-emission-vehicles.html*; Neal E. Boudette, "Ford Will Build 4 Factories in a Big Electric Push," NY Times (Sep. 27, 2021), *available at https://www.nytimes.com/2021/09/27/business/energy-environment/ford-battery-electric-vehicles.html*; and Jim Henry, "Best-Selling Cars, SUVs and Pickups of 2021 (To Date)," Forbes (Oct. 4, 2021), *available at https://www.forbes.com/wheels/news/best-selling-cars-suvs-pickups-june-2021/* (updated URL).

projected demand for the Endurance. *See, e.g.,* AC ¶ 286, 316; *see also Guangyi Xu v. ChinaCache Int'l Holdings Ltd.*, No. 15-cv-07952 (CAS), 2017 WL 114401, at *5 (C.D. Cal. Jan. 9, 2017) ("[t]he industry in which [a defendant] operates adds relevant context" in evaluating falsity) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 933 (9th Cir. 1996)).

The same is true with regard to how other major players in the electric vehicle industry use nonbinding pre-orders as indicators of demand. The Amended Complaint is replete with allegations concerning Defendants' statements related to pre-orders for the Endurance and how those pre-orders indicated demand for the vehicle. *See, e.g.,* AC ¶¶ 248-327, 381. In order for the Court to properly evaluate these challenged statements—and the Defendants' state of mind with respect to them—in the full factual context in which a reasonable investor would have heard and understood them, the Court must consider publicly known industry practices concerning pre-orders, including how they are used to measure demand. This includes the fact that industry fixtures like Ford and Tesla, as well as emerging manufacturers like Rivian, all used nonbinding pre-orders to describe demand for their electric vehicles before they were available for sale.[5] *Omnicare*, 575 U.S. at 190 (2015); *Golub v. Gigamon Inc.*, 847 F. App'x 368, 372–73 (9th Cir. 2021) ("'[I]nvestor[s] take[ ] into account the customs and practices of the relevant industry.'") (quoting *Omnicare*); *Tongue v. Sanofi*, 816 F.3d 199, 214 (2d Cir. 2016) ("[A]s *Omnicare*

---

[5] *See* Annie White, "Ford F-150 Lightning Production to Double Thanks to Strong Demand," Car and Driver (Aug. 24, 2021), *available at https://www.caranddriver.com/news/a37384636/ford-f-150-lightning-ev-production-increase/*; Chris Paukert, "Tesla Cybertruck preorders 'well over half a million,' Elon Musk says," Road/Show (Sep. 23, 2020), *available at https://www.cnet.com/roadshow/news/tesla-cybertruck-reservation-elon-musk/*; Tesla, "Order Cybertruck," *https://www.tesla.com/cybertruck/design#battery*; Ford, "Reserve Your F-150 Lightning, Online Reservation FAQs," *https://www.ford.com/trucks/f150/f150-lightning/2022/reservation-information/* (updated URL); Rivian, "About preordering," *https://rivian.com/support/about-preordering*.

8

counsels, investors account for the customs and practices of the relevant industry, and statements must be considered as is appropriate, in a broader frame.").

Plaintiffs (in a footnote) also seek to exclude Defendant Flannery's September 24, 2020 comments during the Wisconsin Clean Cities Electric Vehicles Webinar on similar relevance grounds. RJN Opp. 7 n.5.[6] For the reasons stated above, this source is clearly relevant to the allegations in this case as it contains statements by Mr. Flannery that are alleged to be false and misleading (AC ¶¶ 274-75), and it speaks directly to the measures Lordstown took to assess demand for the Endurance, which included commissioning an analysis from Ernst & Young long before the de-SPAC merger. The allegedly false and misleading statements contained in the Webinar can only properly be evaluated within the full context of that presentation. *See supra.*

***

In sum, the challenged exhibits are the types of documents properly and routinely considered at the motion to dismiss stage in securities class actions. *See, e.g., Plymouth Cty. Ret. Ass'n*, 2021 WL 3773330, at *6 (court may consider SEC filings, press conferences, earnings calls, materials incorporated by reference into the complaint, and matters of which the court may take judicial notice "without converting the motion to dismiss to one for summary judgment"). Plaintiffs have cherry-picked their challenged statements, taken them out of context, and now complain of those statements being considered in their full context. Such a full context review is not only fair and prudent, it is required under *Omnicare* and *Tellabs*. Indeed, the Reform Act was enacted precisely to combat this type of gamesmanship. *See Tellabs*, 551 U.S. at 313 (describing how Congress enacted the Reform Act "[a]s a check against abusive litigation"). Plaintiffs cannot

---

[6] Plaintiffs are wrong when they say Defendants did not include this source in the RJN. It's cited three times. *See* RJN 7, 12, 15.

plead around the fatal flaws in their legal theories by selectively quoting documents and then insisting the Court ignore the remainder of those documents (or other important context). And while the exhibits challenged in the RJN Opposition are not necessary to the success of Defendants' Motion to Dismiss, they do further demonstrate the Amended Complaint's inadequacy. For the reasons discussed herein and in the RJN, it is both appropriate under the federal procedural rules and necessary under substantive securities law for the Court to consider and/or take judicial notice of these exhibits in deciding Defendants' Motion to Dismiss.[7]

## CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Court consider the materials attached as Exhibits 1-19 to the Greene Declaration and/or referenced in the Defendants' Motion to Dismiss when deciding their Motion to Dismiss the Amended Complaint.

---

[7] The RJN Opposition does not address or dispute judicial notice of Exhibits 6, 7, 10-15, 17, and certain other articles and materials. Given this, and for the reasons discussed in the RJN and this RJN Reply, the Court should consider and/or take judicial notice of those Exhibits. *See Graham v. Fearon*, No. 16-cv-2366 (PAG), 2017 WL 1113358, at *1 (N.D. Ohio Mar. 24, 2017) ("[Defendants] ask[] the Court to take judicial notice of documents incorporated by reference into the Complaint . . . publicly available documents, stock analysts' reports, and news articles. These documents meet the requirements of Federal Rule of Evidence 201, and Plaintiffs do not oppose Defendants' request. As such, the request is GRANTED."). To the extent Plaintiffs consent to judicial notice of certain of these documents only "for [the] limited purpose of [showing] the fact of a disclosure," (*see* RJN Opp. Ex. A) their objections to the documents' use for any other purposes should be rejected for the same reasons expressed herein and in the RJN, and because Plaintiffs fail to provide any support for these limited objections in the RJN Opposition itself. *See, e.g., Fisher v. Household Life Ins. Co.*, No. 10-cv-2547 (KHV), 2012 WL 966043, at *2 (D. Kan. Mar. 21, 2012) ("The court considers only those objections specifically argued in [the] response brief and rejects the suggestion that objections or arguments found only in exhibits are somehow preserved.").

Dated: March 3, 2022

Respectfully submitted,

_s/ Douglas W. Greene_

**BAKER & HOSTETLER LLP**
Douglas W. Greene
Email:   dgreene@bakerlaw.com
45 Rockefeller Plaza, 14th Floor
New York, NY  10111
Telephone:   212.589.4200
Facsimile:    212.589.4201

Douglas L. Shively
Email: dshively@bakerlaw.com
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740

_Attorneys for Defendants_

11

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ Douglas W. Greene_____
An attorney for Defendants

12