**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE LORDSTOWN MOTORS CORP. SECURITIES LITIGATION | Case No.: 4:21-CV-00616 (DAR) |
| | JUDGE DAVID A. RUIZ |
| This Document Relates to: | |
| ALL ACTIONS | CLASS ACTION |

**SUGGESTION OF BANKRUPTCY**
**AND NOTICE OF THE AUTOMATIC STAY**

PLEASE TAKE NOTICE that, on June 27, 2023 (the "Petition Date"), Defendant Lordstown Motors Corp. ("LMC") and certain of its affiliates, including Defendant Lordstown EV Corp. (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which chapter 11 cases are being jointly administered under case number 23-10831 (the "Chapter 11 Cases").  A true and correct copy of the Notice of Bankruptcy Case Filing is attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, pursuant to section 362(a) of the Bankruptcy Code, the commencement of the chapter 11 cases operates as a stay (the "Automatic Stay"), applicable to all of the Debtors of, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the

commencement of the case under this title."  11 U.S.C. § 362(a)(1).  As such, all claims asserted against the Debtors in the above-captioned action are subject to the Automatic Stay.

PLEASE TAKE FURTHER NOTICE that the Automatic Stay also protects property of the Debtors' estates, as defined by section 541(a) of the Bankruptcy Code, by prohibiting "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  *Id.* § 362(a)(3); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986) ("Subsection (a)(3) directs stays of any action, *whether against the debtor or third-parties*, to obtain possession or to exercise control over property of the debtor." (emphasis in original)). The Debtors have an obligation to indemnify and defend its current and former directors and officers, including Defendants Stephen Burns, Shane Brown, Caimin Flannery, David Hamamoto, Julio Rodriguez, Phil Richard Schmidt, and Darren Post (together, the "Indemnified Defendants"), in any action or proceeding arising from their positions with DiamondPeak and/or LMC.  Accordingly, any action against the Indemnified Defendants constitutes an "act to obtain" property of the Debtors' estates, including proceeds of the Debtors' shared liability insurance coverage, and is subject to the Automatic Stay.  *See A.H. Robins*, 788 F.2d at 1001–02 ("[A]ctions 'related to' the bankruptcy proceedings against the insurer or against officers or employees of the debtor who may be entitled to indemnification . . . or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3).").

PLEASE TAKE FURTHER NOTICE that any actions taken in violation of the Automatic Stay are void and may subject the person or entity taking such action to the imposition of sanctions by the Bankruptcy Court.

If you have any questions regarding this notice, please contact the undersigned.

Dated: June 28, 2023                                   Respectfully submitted,


_s/ Douglas L. Shively_
**BAKER & HOSTETLER LLP**
Douglas W. Greene
Erica Barrow
Email:   dgreene@bakerlaw.com
Email: ebarrow@bakerlaw.com
45 Rockefeller Plaza, 14th Floor
New York, NY  10111
Telephone:   212.589.4200
Facsimile:    212.589.4201

Douglas L. Shively
Email: dshively@bakerlaw.com
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.621.0200
Facsimile: 216.696.0740

_Attorneys for Defendants_

## CERTIFICATE OF SERVICE

I certify that on June 28, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 /s/ Douglas L. Shively
An attorney for Defendants