**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE LORDSTOWN MOTORS CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00616 (DAR) <br><br> **<u>CLASS ACTION</u>** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO FILE A**
**SECOND CONSOLIDATED AMENDED COMPLAINT**

Lead Plaintiff George Troicky ("Lead Plaintiff") and additional named Plaintiffs Daniel Tavares, Globestar Systems Inc., Ashith Pabbathi, and FNY Managed Accounts LLC (together, "Plaintiffs") respectfully move for leave to file a Second Amended Consolidated Complaint.  *See* Ex. A (the "PSAC"); Ex. B (comparison of current operative complaint (ECF No. 61) to PSAC).

## I.      BACKGROUND

On March 18, 2021, this federal securities case (the "Action") was filed by Matthew Rico. *See* ECF No. 1.  On June 17, 2021, the Court appointed Mr. Troicky as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), appointed Labaton Keller Sucharow LLP (F/K/A Labaton Sucharow LLP) as Lead Counsel, and consolidated certain related cases into this Action.  ECF No. 47.  On September 10, 2021, Plaintiffs filed their first Consolidated Amended Class Action Complaint in this Action.  ECF No. 61 (the "AC").

On November 9, 2021, Defendants moved to dismiss the AC (ECF No. 70), Plaintiffs opposed that motion to dismiss on January 17, 2022 (ECF No. 74), and Defendants filed a reply brief in support on March 3, 2022 (ECF No. 76).  On February 20, 2022, the Action was reassigned from the Honorable Chief Judge Patricia A. Gaughan to Your Honor, Judge David. A. Ruiz.

On June 28, 2023, Defendants filed a "Suggestion of Bankruptcy and Notice of Automatic Stay."  ECF No. 78.  In sum, Lordstown and certain of its affiliated entities had filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases were jointly administered under case number 23-10831 (the "*Bankruptcy Case*").  As a result, proceedings against Lordstown were stayed by the bankruptcy laws (*id.*; 11 U.S.C. § 362(a)(1)), and on August 28, 2023, the Court dismissed the pending motion to dismiss without prejudice, in light of the bankruptcy filing.  ECF No. 80.  Aside from recognizing the bankruptcy stay, this Court did not enter an additional "stay" of proceedings in this Action, but activity in the case has been paused since the Court's August 28, 2023, Order.

1

Both before and after the *Bankruptcy Case* was filed, the Parties engaged in private mediation, in an attempt to resolve the claims in this Action. As discussed below, that process resulted in a partial resolution of claims with respect to certain Defendants.

On March 6, 2024, a bankruptcy plan was confirmed by the Bankruptcy Court and, as a result, the automatic stay imposed by the bankruptcy laws terminated. *See Bankruptcy Case*, ECF No. 1069; *Biltmore Invs., Ltd. v. TD Bank, N.A.*, 626 F. App'x 390, 392 (4th Cir. 2015) (confirmation of a Chapter 11 reorganization plan terminates application of automatic bankruptcy stay). Additionally, as discussed below, the PSAC would terminate all of Plaintiffs' claims against Defendants Lordstown and Lordstown EV Corporation ("Lordstown EV"), and as such there would be no basis for continued application of the bankruptcy stay.

As part of Lordstown's bankruptcy, Plaintiffs negotiated a partial settlement of claims at issue in this Action, in which Lordstown agreed to pay a sum of at least $3 million and up to $10 million (as determined by certain contingencies) and agreed to provide Plaintiffs with certain internal Company records (including emails) that had been produced by Lordstown in other litigation and investigations. That settlement is being administered through the Bankruptcy Court, and through that settlement and other bankruptcy proceedings, Plaintiffs' claims against Lordstown and Lordstown EV have been released, except as to the execution of that settlement.

Additionally, through Lordstown's bankruptcy, Plaintiffs' claims against Defendant David T. Hamamoto ("Hamamoto") were also released. That release was provided as a term of Lordstown's confirmed bankruptcy plan. As an additional term of that bankruptcy plan, Hamamoto agreed to be interviewed by Lead Counsel, and that interview has occurred.

As a result, Plaintiffs respectfully submit that proceedings in this Action should continue as to the remaining Defendants and request leave to file the PSAC for the reasons stated below.

2

## II.     ARGUMENT

Among other things, the PSAC would (a) remove Defendants Lordstown, Lordstown EV, and Hamamoto as a Defendants in this Action, in light of the release of all of Plaintiffs' claims against them through the bankruptcy proceedings; and (b) bolster the allegations to reflect documents and information obtained by Lead Counsel from Lordstown, Defendant Hamamoto, and public disclosures (including a settlement between Lordstown and the U.S. Securities and Exchange Commission) that were made available after the filing of the AC.

Under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") a court should "freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'"  *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016) (citation omitted).  Absent evidence of futility or issues such as bad faith, motions to amend should be granted.  *See id.*

A motion for leave to amend is particularly appropriate here because Plaintiffs are seeking leave to amend prior to any judgment on their pleadings.  Here, where the Court has not rendered a decision as to the AC, there is no reason to believe that the PSAC would be futile, and it would preserve judicial resources to permit amendment at this time.  Indeed, the AC is itself well pled, and the PSAC would serve to substantially strengthen the allegations against the remaining Defendants.  Furthermore, because the Court denied the prior motion to dismiss without prejudice, amendment now would serve the interests of judicial efficiency, by permitting Plaintiffs to submit their amended pleading before resources are exerted briefing and assessing any potential forthcoming motions to dismiss.

While the PSAC can, and should, be permitted for the reasons described above, the motion for leave to amend should also be permitted for an independent and more technical reason.

3

Under Rule 15(a)(1): "A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12." This rule permits amending without leave of the Court, upon satisfying two conditions.

First, the party can only invoke Rule 15(a)(1) to amend its pleadings "once." Lead Plaintiff's first pleading in this Action was the AC. As a result, this requirement of Rule 15(a)(1) is satisfied. It is irrelevant that there was a prior complaint filed in this Action by a different party, because the rule refers to a party amending "its pleading." Fed. R. Civ. P. 15(a)(1).[1]

Second, a party may invoke Rule 15(a)(1) within 21 days after service of a motion to dismiss or answer. That requirement is not literally satisfied at this time. However, as soon as Defendants file a renewed motion to dismiss or answer, Lead Plaintiff would then be entitled to invoke Rule 15(a)(1) by filing the PSAC (without leave of the Court).

Thus, while Rule 15(a)(1) is not *presently* available, it *will be* available when Defendants file their renewed motion to dismiss or answer. This provides a compelling independent basis to permit amendment now under Rule 15(a)(2), because doing so avoids the inefficiencies of requiring Defendants to file a motion to dismiss or answer, when Plaintiffs intend to amend, and would be in the interest of "justice," as referenced by Rule 15(a)(2), because such amendment would be allowed as a matter of course in the near future. *See generally Smidga v. Spirit Airlines, Inc.*, 2023 WL 8452635, at *1 (W.D. Pa. Dec. 6, 2023) (permitting amendment under Rule 15(a)(2) to resolve dispute as to whether amendment was proper under Rule 15(a)(1)).

---

[1] *See In re Sunrise Senior Living, Inc. Derivative Litig.*, 550 F. Supp. 2d 1, 4-5 (D.D.C. 2008) (holding that filing of consolidated complaint "does not constitute an amendment," and permitting amended complaint pursuant to Rule 15(a)(1), despite the prior filing of a consolidated complaint); *Ofer v. Millan*, 2024 WL 3413248, at *2 (S.D. Fla. July 12, 2024) (permitting filing of an amended complaint pursuant to Rule 15(a)(1), following the filing of pleading that had been labeled the "Second Amended Complaint," because that earlier pleading plaintiff's first complaint in the consolidated action).

4

## III.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request leave to file an amended complaint, substantially in the form of the attached PSAC.

DATED: December 11, 2024

| **LABATON KELLER SUCHAROW LLP**<br><br>By: */s/ Jake Bissell-Linsk*<br><br>Carol C. Villegas (admitted *pro hac vice*)<br>Christine M. Fox (admitted *pro hac vice*)<br>David J. Schwartz (admitted *pro hac vice*)<br>Jake Bissell-Linsk (admitted *pro hac vice*)<br>140 Broadway, 34th Floor<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>Email: cvillegas@labaton.com<br>Email: cfox@labaton.com<br>Email: dschwartz@labaton.com<br>Email: jbissell-linsk@labaton.com<br><br>*Counsel for Lead Plaintiff*<br>*George Troicky and Lead*<br>*Counsel for the Class* | **HAGENS BERMAN SOBOL SHAPIRO LLP**<br><br>Steve W. Berman (admitted *pro hac vice*)<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Email: reed@hbsslaw.com<br>Email: ucasg@hbsslaw.com<br><br>Reed R. Kathrein (admitted *pro hac vice*)<br>Lucas Gilmore (admitted *pro hac vice*)<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Email: steve@hbsslaw.com<br><br>*Counsel for Additional Named Plaintiff Ashith*<br>*Pabbathi and Additional Counsel for the Class* |
|---|---|
| **THE SCHALL LAW FIRM**<br><br>Brian Schall (*pro hac vice* forthcoming)<br>Rina Restaino (*pro hac vice* forthcoming)<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA 60067<br>Telephone: (424) 303-1964<br>Email: brian@schallfirm.com<br>Email: rina@schallfirm.com<br><br>*Additional Counsel for Lead*<br>*Plaintiff George Troicky* | **THE ROSEN LAW FIRM, P.A.**<br><br>Phillip Kim (admitted *pro hac vice*)<br>Daniel Tyre-Karp (admitted *pro hac vice*)<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Telephone: (212) 686-1060<br>Email: pkim@rosenlegal.com<br>Email: dtyrekarp@rosenlegal.com<br><br>*Counsel for Additional Named Plaintiffs*<br>*Daniel Tavares and Globestar Systems Inc.*<br>*and Additional Counsel for the Class* |
|  | |
| [signature block continued on following page] | |

5

**ENTWISTLE & CAPPUCCI LLP**

Andrew J. Entwistle (admitted *pro hac vice*)
Frost Bank Tower
401 Congress Avenue, Suite 1170
Austin, TX 78701
Telephone: (512) 710-5960
Email: aentwistle@entwistle-law.com

-and-

Robert N. Cappucci (admitted *pro hac vice*)
230 Park Avenue, 3rd Floor
New York, New York 10169
Telephone: (212) 894-7200
Email: rcappucci@entwistle-law.com

*Attorneys for Plaintiff FNY*
*Managed Accounts LLC*
*and Additional Counsel for the Class*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2024, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by email to all Parties whose counsel has appeared in this Action, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jake Bissell-Linsk*
Jake Bissell-Linsk
